MARTIN A. McGOVERN *vs.* MIDDLESEX MUTUAL
INSURANCE COMPANY.
(and a companion case[1]).

Suffolk.     April 8, 1971. — May 4, 1971.

Present: TAURO, C.J., SPIEGEL, REARDON, QUIRICO, & BRAUCHER, JJ.

*Arbitration. Insurance*, Protection against uninsured motorists.

Upon petitions in the Superior Court respecting an award under G. L. c. 251, § 11, by an arbitrator in favor of the insured under the "Protection Against Uninsured Motorists" coverage of a motor vehicle insurance policy, where no error was shown by reason of the judge's exclusion of evidence offered by the insurer which, if admitted, would not have established any ground for vacating the award under § 12, an exception by the insurer to confirmation of the award was overruled.

PETITION filed in the Superior Court on December 23, 1968, to confirm the award of an arbitrator, and petition filed in that court on January 20, 1969, to vacate the award.

The cases were heard by *Leen, J.*

[1] Middlesex Mutual Insurance Company *vs.* Martin A. McGovern.

*David W. Woods* for the insurer.

*Lawrence E. Hyde* for the claimant.

BRAUCHER, J.   These are two petitions under G. L. c. 251 (the Uniform Arbitration Act for Commercial Disputes), one by a claimant to confirm the award of an arbitrator under Coverage U, "Protection Against Uninsured Motorists," of a motor vehicle insurance policy, and the other by the insurer to vacate the award.   The petition to confirm was allowed and the petition to vacate was denied.   The cases are before us on the insurer's exceptions.

The following facts are not in dispute.   The policy was issued to the claimant's mother and the claimant is an insured as her son residing in the same household.   He was injured when a vehicle in which he was a passenger collided with a stone wall.   He made a claim upon the insurer and demanded arbitration, and a hearing was held before the arbitrator and an award made.   There was no transcript of the hearing before the arbitrator.

The judge excluded evidence offered by the insurer, through the testimony of the arbitrator and of counsel for the insurer (1) that there was no evidence before the arbitrator that the vehicle was uninsured; (2) that the lack of such evidence was argued at the arbitration hearing; and (3) that after the award was made the arbitrator said to counsel for the insurer, "I assume if there was insurance, you guys wouldn't be here."   The judge also excluded a letter from the insurer to counsel for the claimant, dated about two months before the arbitration hearing, reporting receipt of a letter from the registry of motor vehicles "indicating that the cancellation . . . of the insurance on the . . . vehicle was invalid" and stating that "this matter needs to be investigated further."

By G. L. c. 251, § 11, the court is to confirm an award unless grounds are seasonably urged for vacating or modifying or correcting it.   See *Holmsten Refrigeration, Inc.* v. *Refrigerated Storage Center, Inc.* 357 Mass. 580.   Section 12 (a) states five grounds for vacating an award.   The insurer moved to vacate the award on all five grounds, but has

abandoned all but two: "(3) the arbitrators exceeded their powers; . . . (5) there was no arbitration agreement and the issue was not adversely determined in proceedings under section two and the party did not participate in the arbitration hearing without raising the objection . . . ."

The arbitration clause of the policy[2] confers on the arbitrator power to decide whether "a particular situation of fact comes within the policy provisions (at least when their meaning has been determined). . . . Examples of such matters are whether the other motorist was or could be identified, whether he was insured, . . . ." *Employers' Fire Ins. Co.* v. *Garney,* 348 Mass. 627, 632. The parties are "not entitled to a statement of reasons. . . . The findings of fact and conclusions of law on which the award is based need not be given." *Fazio* v. *Employers' Liab. Assur. Corp. Ltd.* 347 Mass. 254, 258. In the absence of fraud an arbitration decision is binding though there may have been committed an error of law or fact in reaching that decision. *Glenn Acres, Inc.* v. *Cliffwood Corp.* 353 Mass. 150, 155. The Uniform Arbitration Act as promulgated in 1955 provided for vacating an award which "is so grossly erroneous as to imply bad faith on the part of the arbitrators." See Pirsig, The New Uniform Arbitration Act, 11 Business Lawyer (No. 3) 44, 49. See also Widiss, Perspectives on Uninsured Motorist Coverage, 62 Northwestern U. L. Rev. 497, 544–545. That provision was deleted in 1956 and was not enacted in Massachusetts. Uniform Arbitration Act, 9 U. L. A. 83n.

---

[2] Among the conditions applicable to Part III of the policy, "Protection Against Uninsured Motorists," is the following: "5. Arbitration  If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this coverage, then upon written demand of either, such matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, or, at the option of either, in accordance with Chapter 251 of the General Laws of Massachusetts.  Judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof.  Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this coverage."  Compare *Fazio* v. *Employers' Liab. Assur. Corp. Ltd.* 347 Mass. 254, 255, n. 1.

Thus the statutory grounds for vacating an award would not have been established even if the excluded evidence had been admitted. The arbitrator may simply have ruled that the insurer had the burden of proving that the vehicle was insured. Error in such a ruling is not a ground for vacating an award. There is no need for us to pass upon the propriety of calling an arbitrator to testify to what happened during and after an arbitration hearing, or of. testimony by counsel for one of the parties. Nor do we pass on the effect of an arbitrator's refusal to hear evidence on the question whether a motorist was uninsured, or of discovery, after award, that the motorist in question was insured.

*Exceptions overruled.*