GERALD J. KELLEHER *vs.* LOUIS J. CERSOSIMO. December 27, 1974. This is an appeal from an order of the Superior Court allowing plaintiff's motion for judgment following the confirmation of an arbitrator's award, which we treat as an order confirming the award. See G. L. c. 251, § 18(3). Although the defendant participated in the arbitration proceedings, he urges us to vacate the confirmation order for the reason that neither party agreed by contract to be

bound by the decision of the arbitrator. The parties contracted for the construction of twin theatres, using the American Institute of Architects Standard Agreement, Form A107, September, 1963, ed. The clause we are asked to interpret reads in pertinent part: "Any disagreement arising out of this contract or from the breach thereof shall be submitted to arbitration, and judgment upon the award rendered may be entered in the court of the forum, state or federal, having jurisdiction. It is mutually agreed that the decision of the arbitrators shall be *a condition precedent to any right of legal action* that either party may have against the other . . ." (emphasis supplied). The defendant argues that while this clause binds the parties to seek arbitration prior to pursuing any contractual remedies through litigation, the parties did not agree to be bound by the arbitrator's decision. Instead, the defendant argues, after submission of a disagreement to arbitration, the full scope of legal recourse was open to the parties, not merely the limited scope of review ordinarily available when seeking vacation of an arbitration award. See G. L. c. 251, § 12. See also *McGovern* v. *Middlesex Mut. Ins. Co.* 359 Mass. 443, 444-445 (1971); *Trustees of the Boston & Maine Corp.* v. *Massachusetts Bay Transp. Authy.* 363 Mass. 386, 390-391 (1973). We cannot agree. There are historical reasons for the use of the "condition precedent" form. At common law agreements providing for final binding arbitration were viewed as an attempt to oust the courts of jurisdiction and therefore unenforceable as against public policy. See *Reed* v. *Washington Fire & Marine Ins. Co.* 138 Mass. 572, 575 (1885); *Lakube* v. *Cohen,* 304 Mass. 156, 158 (1939). Because the agreement was drafted in condition precedent form, the arbitration provision was enforceable. See *Scott* v. *Avery,* 5 H. L. Cas. 811 (1856); The Proposed Bill Relating to Commercial Arbitration Agreements, 9 Mass. L.Q. 52, 52-53 (No. 2, 1924). In addition, the "condition precedent" form deprived the parties of the power to revoke an arbitrator's authority to render an award. See *Reed* v. *Washington Fire & Marine Ins. Co., supra,* at 575; *Norcross Bros. Co.* v. *Vose,* 199 Mass. 81, 94 (1908); *Rosenblum* v. *Springfield Produce Brokerage Co.* 243 Mass. 111, 120 (1922). The use of the "condition precedent" terminology does not take this agreement out from under the aegis of the Uniform Arbitration Act for Commercial Disputes, G. L. c. 251. See, e.g., *Salvucci* v. *Sheehan,* 349 Mass. 659, 660 (1965). See also *Ramonas* v. *Kerelis,* 102 Ill. App. 2d 262 (1968) (the same standard AIA arbitration clause brought the contract within the Illinois Uniform Arbitration Act), in conjunction with G. L. c. 251, § 19. Compare *Electronics Corp. of America* v. *Canter Constr. Co.* 343 Mass. 210 (1961). This agreement to arbitrate is governed by the Uniform Arbitration Act, and consequently it is "valid, enforceable and irrevocable." G. L. c. 251,

§ 1. See *Boyden* v. *Lamb,* 152 Mass. 416, 419 (1890); *McGovern* v. *Middlesex Mut. Ins. Co., supra,* at 445.

*Order affirmed.*

*Cortland A. Mathers* for the defendant.
*Melvin S. Loutson* for the plaintiff.