ROBERT D. QUIRK & another vs. DATA TERMINAL
SYSTEMS, INC.

Middlesex. December 6, 1984. — March 25, 1985.

Present: LIACOS, ABRAMS, LYNCH & O'CONNOR, JJ.

*Arbitration*, Correcting error in award. *Statute*, Construction.

A judge was without authority to allow a motion to correct a clerical error in
an arbitration award where the motion was not made "within thirty days
after delivery of a copy of the award" as required by G. L. c. 251, § 13.
[336-339]
A judge did not have discretion by virtue of Mass. R. Civ. P. 60 (a) to correct
a clerical error in an arbitration award where the motion was not made
within the thirty days specified in G. L. c. 251, § 13. [339-340]

CIVIL ACTION commenced in the Superior Court on February
6, 1978.

Motions to correct a clerical error in an arbitration award
and for confirmation of the award were heard by *Paul G.
Garrity*, J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Douglas G. Moxham* for the plaintiffs.

*Robert S. Frank, Jr.*, for the defendant.

LYNCH, J. A judge of the Superior Court granted the defend-
ant's motion to correct an alleged clerical error in an arbitration
award, and confirmed the award as corrected. The plaintiffs
appealed to the Appeals Court, which reversed and dismissed
the motion to correct the award because it was made more
than thirty days after the award was filed. *Quirk* v. *Data Ter-
minal Syss.*, 18 Mass. App. Ct. 1104 (1984). See G. L. c. 251,
§ 13. We granted further appellate review to consider the
sole issue raised on appeal: whether the judge erred under
G. L. c. 251, § 13, in correcting the arbitration award where
the motion was made more than thirty days after the award
was filed. The defendant contends that no error was made
because the judge has the power under G. L. c. 251 and under

Mass. R. Civ. P. 60 (a), 365 Mass. 828 (1974), to correct a clerical error in the award, even if the motion is made more than thirty days after the award is filed. We reverse the order of the Superior Court.

This dispute over interpretation of the arbitration award has arisen out of an ongoing controversy between the parties concerning their respective duties under a contract entered into in October, 1976, and amended in April, 1977. The contract provided that Robert D. Quirk, and Bruce T. Quirk, trustee of the Robert Quirk Realty Trust (hereinafter collectively referred to as the trust), would convey certain land to Data Terminal Systems, Inc. (Data); that the trust would construct a building on the land; and that, if it completed construction by a specified date, the trust would have the option to repurchase the property at a price to be determined by a formula in the contract. Data would then lease the property back from the trust at a rent to be calculated according to another formula in the contract. The contract also contained an arbitration provision which stated, "All claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof . . . shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise."

The trust failed to complete construction by the date provided for in the contract, so Data dismissed the trust as building contractor and assumed the responsibility for completion of the building. Data began to occupy the building on May 1, 1979. In the meantime, the trust commenced arbitration proceedings and later brought suit in the Superior Court claiming fraud in the inducement of the contract. In *Quirk* v. *Data Terminal Syss.*, 379 Mass. 762, 768 (1980), we ordered that the parties' claims be submitted to arbitration. The contract provided, "The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof."

On September 14, 1982, the arbitrators delivered their award, which states that it is "full settlement of all claims and

counterclaims submitted to this arbitration." The arbitrators retained jurisdiction, however, "to administer the award through the Closing of the repurchase of the site, if the same takes place." New disputes have since arisen between the parties concerning their respective obligations under the arbitrators' award. On January 7, 1983, the trust filed a motion to file a substitute complaint for a jury trial following submission of the arbitration award, which was granted on March 29, 1983. On January 26, 1983, Data filed a motion to correct a clerical error in the arbitration award. The following day, the trust filed a motion for confirmation of the award. On March 23, 1983, Data filed a motion for an order compelling arbitration of the new disputes between the parties. On March 29, the judge denied Data's motion for an order compelling arbitration, and allowed Data's motion to correct the award. On March 30, he confirmed the award as corrected. Pursuant to G. L. c. 251, § 18, the trust appealed the judge's rulings on the motion to correct the award to the Appeals Court. On May 9, 1984, the Appeals Court issued an order reversing the judge's ruling confirming the award as corrected. The Appeals Court directed (1) that the defendant's motion to correct the award be dismissed on the ground that it was not timely filed, and (2) that the judge confirm the arbitration award without any correction.

The trust argues on appeal that the judge erred under G. L. c. 251, §§ 11 and 13, in modifying the arbitration award to correct a clerical error. General Laws c. 251, § 11, inserted by St. 1960, c. 374, § 1, provides, "Upon application of a party, the court shall confirm an award, unless *within the time limits hereinafter imposed* grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections twelve and thirteen" (emphasis added). Section 13 provides grounds for modifying an award and states, in relevant part, "*(a) Upon application made within thirty days* after delivery of a copy of the award to the applicant, the court shall modify or correct the award if: (1) there was . . . *an evident mistake* in the description of any person, thing or property referred to in the award; . . . (b) If the

application is granted, the court shall modify and correct the award so as to effect its intent and shall confirm the award as so modified and corrected; otherwise, the court shall confirm the award as made" (emphasis added). G. L. c. 251, § 13, as amended by St. 1972, c. 200, § 2.

Data filed its motion on January 26, 1983, to correct a clerical error in the arbitration award. Data made the motion more than 120 days after the arbitrators delivered their award on September 14, 1982. On January 27, 1983, the trust filed a motion for confirmation of the award. Whether the judge erred in allowing Data's motion to correct the award and in confirming the award as corrected depends upon interpretation of the time limitation in G. L. c. 251, § 13, and its relationship to Mass. R. Civ. P. 60 (a).

Data argues that the judge properly allowed its motion because there is an "evident mistake" in paragraph 3(e) of the arbitrators' award, which describes the formula according to which the monthly rental is to be calculated in the event that the trust repurchases the property and leases it back to Data. Paragraph 3(e) provides a two-part formula for calculating the monthly rental: "[it] shall be the sum of (i) the regular principal and interest payments on the mortgage indebtedness on the Site assumed by the Purchaser, and (ii) an amount equal to 1/12th of 11% of the difference between *the option purchase price computed as set forth in Paragraph 48 of the Findings* [of Fact and Conclusions of Law] and the principal amount of the mortgage indebtedness assumed by the Purchaser at the Closing . . . (emphasis added)." Data contends that the option purchase price is in fact computed in paragraphs 48 and 50 of the findings, not just in paragraph 48. Data argues that under paragraph 50, $291,133 is deducted from the option purchase price set forth in paragraph 48. According to Data's calculations, it would pay an additional annual rental of 11% of $291,133, which would achieve a result inconsistent with the parties' original agreement and with the arbitrators' ruling in paragraph 49 of their findings. Paragraph 49 also describes the monthly rental formula, but makes no reference to the para-

graph or paragraphs according to which the option price is to be calculated.[1]

The trust argues, on the other hand, that no mistake is evident in the arbitrators' award and that paragraph 3(e) accurately reflects the arbitrators' intention as to how the monthly rental is to be calculated. Both parties, however, agree that subsequent to the filing of the arbitration award at least one of the arbitrators acknowledged that a clerical mistake had been made in paragraph 3(e) of the award and that reference should have been made to both paragraphs 48 and 50 of the findings. The arbitrators stated that they believed that they lacked the authority at that time to make any changes in the rental formula to correct the omission. Since we agree with the Appeals Court that Data's motion to correct the award was not timely under G. L. c. 251, § 13, we do not pass on the authority of the arbitrators at that stage in the proceeding and we conclude that it is unnecessary to decide whether there is an "evident mistake in the description of any person, thing or property" in paragraph 3(e) of the award.

"[T]he purpose of the short periods prescribed in the federal and state arbitration statutes for moving courts to vacate an award is to accord the arbitration award finality in a timely fashion." *Chauffeurs, Teamsters, Warehousemen and Helpers, Local 135* v. *Jefferson Trucking Co.,* 628 F.2d 1023, 1027 (7th Cir. 1980), cert. denied, 449 U.S. 1125 (1981). The same rationale also explains the time limitations on motions to modify an award. See Pirsig, Some Comments on Arbitration Legislation and the Uniform Act, 10 Vand. L. Rev. 685, 707 (1957) ("It is important to the effectiveness of the arbitration process that the award be promptly performed. Hence, attacks on the award should be promptly made"). The time period for making

---

[1] Paragraph 49 of the arbitrators' Findings of Fact and Conclusions of Law states, in relevant part, "The monthly rental to be paid by Data in the event of a repurchase of the Site by the Trust . . . is to be one-twelfth of the sum of (i) the annual regular principal and interest payments on the amount of the mortgage indebtedness assumed by the Trust on such repurchase, and (ii) 11% of the difference between the option price of the Site and the principal amount of such mortgage indebtedness as assumed by the Trust at the time of repurchase . . . ."

a motion to correct an arbitration award under Massachusetts law is thirty days after delivery of the award to the applicant. See G. L. c. 251, § 13 (a). Data's argument that § 13 (a) does not require that the motion be made within thirty days is unavailing, especially when § 13 is read together with § 11.

Data argues that the language of G. L. c. 251, § 13, requires only that the award be corrected if the motion is filed seasonably, but does not require that the motion be made within thirty days. Data points out that § 12, which governs the court's power to vacate awards, provides that "[a]n application . . . shall be made within thirty days . . . ," while § 13 provides that "[u]pon application made within thirty days . . . the court shall modify or correct the award . . . ." We conclude that this difference in language is not significant for the purposes of our decision here. Section 13 does not provide that the court has unfettered discretion to modify awards, but rather that a court has power to modify "[u]pon application made within thirty days." This result is consistent with the language of G. L. c. 251, § 11, which provides that "the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award . . . ."

In the instant case, Data made its motion more than 120 days after the arbitrators delivered their award on September 14, 1982, the date on which the statutory time period began to run. Data was not timely in making its motion to correct the award and cannot now circumvent the time limitation through a convoluted reading of the language of § 13 (a). To conclude otherwise would undermine the very certainty and finality which the arbitration process is intended to achieve. Accord *Trustees of Boston & Me. Corp.* v. *Massachusetts Bay Transp. Auth.*, 363 Mass. 386, 394-395 (1973); *Bernstein* v. *Gramercy Mills, Inc.*, 16 Mass. App. Ct. 403, 408-410 (1983). Cf. *Holmsten Refrigeration, Inc.* v. *Refrigerated Storage Center, Inc.*, 357 Mass. 580, 584 (1970).

Data argues in the alternative that the judge has discretion under Mass. R. Civ. P. 60 (a) to correct a clerical error in an

arbitration award without regard to any time limitations imposed by G. L. c. 251, § 13.[2] This interpretation of rule 60 (a) would create a conflict with G. L. c. 251, which specifically governs judicial modification of arbitration awards. Even if we assume that the rule and the statute are of equal governing force, Data is not aided by rule 60 (a). "If a general statute and a specific statute cannot be reconciled, the general statute must yield to the specific statute." *Pereira* v. *New England LNG Co.*, 364 Mass. 109, 118-119 (1973). See 2A C. Sands, Sutherland Statutory Construction § 51.05 (4th ed. 1984). In light of the underlying policies of settling disputes in an extrajudicial forum and of achieving certainty and finality in the process, we conclude that this general principle of statutory construction applies here to resolve a possible conflict between G. L. c. 251, § 13 (*a*), and Mass. R. Civ. P. 60 (a). Cf. *Bernstein, supra* at 409. The judge did not have discretion to modify the award to correct the alleged clerical error after the thirty days provided for in G. L. c. 251, § 13 (*a*), had passed.

The order of the Superior Court allowing the motion to correct the arbitration award is reversed. The order allowing the motion for confirmation of the award "as corrected" is modified by striking therefrom the words "as corrected," and as so modified is affirmed. The plaintiffs are to have costs of the appeal.

*So ordered.*

---

[2] Massachusetts Rule of Civil Procedure 60 (a), 365 Mass. 828 (1974), provides in relevant part, "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time . . . on the motion of any party . . . ."