Stephen P. RINGWELSKI and Kathy Ringwelski, Plaintiffs–Appellees,

v.

Keith PEDERSON and K & J Custom Homes, Inc., Defendants–Appellants.

No. 95CA1732.

Colorado Court of Appeals, Div. V.

May 30, 1996.

Frederick L. Ginsberg, Parker, for Plaintiffs–Appellees.

Bostrom & Sands, Jon F. Sands, Denver, for Defendants–Appellants.

Opinion by Judge RULAND.

Pursuant to § 13–22–221, C.R.S. (1987 Repl.Vol. 6A), defendants, Keith Pederson and K & J Custom Homes, Inc., appeal from the trial court's order denying their motion to dismiss the complaint filed by plaintiffs, Stephen P. and Kathy Ringwelski, and to confirm an arbitration award. We reverse and remand with directions.

Plaintiffs entered into a written contract with defendants for the construction of a single-family residence. The contract contained the following arbitration clause:

Any disagreement arising out of this contract or from the breach thereof shall be submitted to arbitration, and judgment upon the award rendered may be entered in the court of the forum, state or federal, having jurisdiction. It is mutually agreed that the decision of the arbitrators shall be a condition precedent to any right of legal action that either party may have against the other. The arbitration shall be held under the Standard Form of Arbitration Procedure of the American Institute of Architects or under the Rules of the American Arbitration Association.

Later, a dispute arose between the parties regarding whether defendants' work was satisfactory and whether the parties had complied with their respective obligations under the contract. Plaintiffs made a demand for arbitration pursuant to the contract and the parties participated in a two-day arbitration hearing.

The arbitrator made extensive and detailed findings concerning plaintiffs' damages. After offsetting those damages against the balance plaintiffs owed under the contract, the arbitrator entered a net award of $619.84 in favor of defendants.

Plaintiffs then filed their complaint in this case. Plaintiffs concede that their complaint contains essentially the same claims that were addressed in the arbitration proceeding.

Defendants filed a motion to dismiss asserting that the arbitration award was binding and that the court was required to confirm the award. The trial court denied defendants' motion.

In so doing, it noted the arbitration clause's language requiring arbitration as a "condition precedent" to filing a legal action. The trial court concluded that this condition, coupled with the absence of an express indication that the arbitration decision was binding, reflected an intent that the award be non-binding. Defendants assert, and we agree, that this conclusion of the trial court constitutes error.

■ Subject to exceptions not pertinent here, the correct construction of contract language presents a question of law, and thus, an appellate court is not bound by the trial court's interpretation of the document. *Allstate Insurance Co. v. Willison*, 885 P.2d 342 (Colo.App.1994).

■ The scope of an arbitrator's authority, including the authority to bind the parties with an award, is a question of contractual interpretation. *See Hoffsetz v. Jefferson County School District No. R–1*, 757 P.2d 155 (Colo.App.1988). To determine the scope of an arbitration clause, a court must examine the wording of the clause and seek to give effect to the mutual intent of the parties. *See Eychner v. Van Vleet*, 870 P.2d 486 (Colo.App.1993).

■ Here, the trial court's construction of the provision severely limits application of the language which provides that "judgment upon the award rendered may be entered in the court of the forum, state or federal, having jurisdiction." Such a construction should be avoided. *See Pepcol Manufactur-*

*ing Co. v. Denver Union Corp.,* 687 P.2d 1310 (Colo.1984)(court should seek to give effect to all contract provisions so that none will be rendered meaningless).

In addition, we also disagree with the trial court's conclusion that the use of the word "may" in the sentence authorizing a judgment to be entered on the award evidences an intent that the award be non-binding. We construe this language merely to reflect an intent that the prevailing party in the arbitration be allowed the option of obtaining a judgment on the award for purposes of enforcement or collection should that prove necessary or desirable.

We conclude that the arbitration clause in the parties' contract called for a binding arbitration award and that such award was a condition to any further "legal action" either to modify, correct, or vacate the award pursuant to the Uniform Arbitration Act of 1975, § 13–22–201, et seq., C.R.S. (1987 Repl.Vol. 6A). This interpretation harmonizes the first two sentences of the clause and gives meaning to both.

We find further support for this interpretation of the provision in the public policy favoring the use of arbitration to resolve disputes. *See Ellis v. Rocky Mountain Empire Sports, Inc.,* 43 Colo.App. 166, 602 P.2d 895 (1979); *see also* § 13–22–203, C.R.S. (1987 Repl.Vol. 6A)(arbitration agreements are valid, enforceable, and irrevocable); *Foust v. Aetna Casualty & Insurance Co.,* 786 P.2d 450 (Colo.App.1989)(an arbitration award is binding upon the parties as to the issues submitted for arbitration).

Our interpretation of the clause is also consistent with decisions of courts from other jurisdictions which have rejected claims that similar "condition precedent" language evidenced an intent for non-binding arbitration. Thus, in *Kelleher v. Cersosimo,* 2 Mass.App. 904, 320 N.E.2d 840 (1974), the Massachusetts Court of Appeals construed an arbitration clause identical to the one at issue here. In rejecting the argument that the arbitration award was non-binding, the court noted that the "condition precedent" language was a historical carryover from a time when arbitration agreements were viewed with disfavor as an attempt to oust

courts of jurisdiction. *See also McKee v. Home Buyers Warranty Corp. II,* 45 F.3d 981 (5th Cir.1995) (concluding that "condition precedent" language did not render arbitration award non-binding and viewing such language as artifact left over from days of hostility toward arbitration); *Rainwater v. National Home Insurance Co.,* 944 F.2d 190 (4th Cir.1991).

Contrary to plaintiffs' contention, we do not view the decision in *Water Works Employees Local No. 1045 v. Board of Water Works,* 44 Colo.App. 178, 615 P.2d 52 (1980), as support for their position. In that case, the arbitration provision explicitly provided for advisory arbitration. *See also Hoffsetz v. Jefferson County School District No. R–1, supra.* Such is not the case here.

Because the subject matter of plaintiffs' complaint was previously addressed in the arbitration, and because the parties' agreement provided for a binding arbitration award, the trial court was precluded from addressing the merits of plaintiffs' complaint. *See Eychner v. Van Vleet, supra* (a valid and enforceable arbitration provision divests the court of jurisdiction over all arbitrable issues). However, the trial court did have authority to confirm the arbitrator's award and must do so as requested by defendants. *See* § 13–22–213, C.R.S. (1987 Repl.Vol. 6A).

The order denying defendants' motion to dismiss is reversed, and the cause is remanded with directions to dismiss plaintiffs' complaint and to enter an order confirming the arbitration award pursuant to § 13–22–213 and § 13–22–217, C.R.S. (1987 Repl.Vol. 6A).

CASEBOLT and ROY, JJ., concur.