Gaots, Ralph D., J.
On May 12, 2006, after five days of trial, a panel of three arbitrators dismissed the claims brought by the plaintiff Susannah Jonas (“Jonas”) against the defendant Deutsche Bank Securities (“Deutsche Bank”). Jonas had sought recovery of the roughly $174,000 she had invested through her IRA account at Deutsche Bank in Collegeclub.com, a fledgling company she had hoped would go public but instead went bankrupt four months later. She alleged that the Deutsche Bank broker who had sold her this stock, Jody Nachman, had made misrepresentations to her and that the investment was not suitable for her financial needs and objectives in an IRA account. Jonas now moves to vacate the arbitration award; Deutsche Bank cross moves to confirm it. After hearing, this Court confirms the Arbitration Award.
DISCUSSION
It is a well-established principle of law that “judicial review of arbitration awards is confined to certain narrow grounds.” City of Lawrence v. Falzarano, 380 Mass. 18, 28 (1980). The Uniform Arbitration Act (“the Act”), codified in Massachusetts at G.L.c. 251, establishes five narrow grounds for vacation of an arbitrator’s award:
(1) the award was procured by corruption, fraud or other undue means;
(2) there was evident partiality by an arbitrator appointed as a neutral, or corruption in any of the arbitrators, or misconduct prejudicing the rights of any party;
(3) the arbitrators exceeded their powers;
(4) the arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contraiy to the provisions of section five, as to prejudice substantially the rights of a party; or
(5) there was no arbitration agreement and the issue was not adversely determined in proceedings under section two and the party did not participate in the arbitration hearing without raising the objection;
G.L.c. 251, § 12(a). Effectively, unless one or more of these grounds exist, a court of law must enforce an arbitrator’s decision, even if it is plainly wrong as a matter of fact or law. As the Supreme Judicial Court has declared, a court is “strictly bound by an arbitrator’s findings and legal conclusions, even if they appear erroneous, inconsistent, or unsupported by the record at the arbitration hearing... Absent fraud, errors of law or fact are not sufficient grounds to set aside an award.” City of Lynn v. Thompson, 435 Mass. 54, 61 (2001), quoting Plymouth-Carver Reg’l Sch. Dist. v. J. Farmer & Co., 407 Mass. 1006, 1007 (1990) (internal quotations omitted).
Jonas rests her motion to vacate the Arbitration Award on three separate grounds. First, she contends that the method by which arbitrators are chosen under the National Association of Securities Dealers (“NASD”) Dispute Resolution Code of Arbitration Procedure (“the Procedure”) leads to an inherent bias in favor of securities dealers and against customers. Under this Procedure, parties are given the opportunity to strike any arbitrators they wish from the NASD list, without limit, and to rank those not stricken. The NASD will then combine the two lists, and designate the highest ranked arbitrators to serve. Jonas contends that arbitrators, cognizant of this selection process, recognize that awards favoring customers will cause securities dealers to strike them from future lists or to rank them poorly, resulting in their being chosen less often to serve as arbitrators. Since arbi-trations can prove lucrative for arbitrators, Jonas contends that this selection process inherently encourages arbitrators to favor securities dealers so that they will then rank them highly in the future.
*477 Implicit in this argument is that securities dealers keep better tabs on the decisions of arbitrators than do customers (or, more precisely, the attorneys representing customers in these arbitrations). Even if this implicit assumption were true and even if it resulted in arbitrators worrying about the effect a large customer award may have on their future as an arbitrator, this risk would still fall far short of the bias required under the Act to vacate an arbitration award — "evident partiality." See G.L.c. 251, §12(a)(2). Indeed, before the Award, Jonas declared that she was content with the arbitrators selected. Even now, having lost, she does not contend that the arbitrators were evidently partial.
Second, Jonas contends that the arbitrators, in violation of G.L.c. 251, §12(a)(4), “conducted the hearing, contrary to the provisions of section five [of the Act], as to prejudice substantially the rights of a parly” by refusing to accept the copies of cases her attorney sought to provide in support of her legal arguments regarding the interpretation of the New Hampshire Uniform Securities Act. Prior to the closing, Jonas’s counsel sought to offer as evidence these cases. Deutsche Bank’s counsel objected, and correctly stated that the proper course under NASD procedure was for the claimant to submit a brief and for the respondent to submit a brief in opposition. The arbitrators stated that they did not need the cases or the briefs.
This Court, although aware that two of the three arbitrators were attorneys, has no clue as to whether the arbitrators correctly understood the New Hampshire Uniform Securities Act, because their Award, as is common, provided no findings of fact or conclusions of law. However, this Court does know that, if there had been such findings and conclusions, and if this Court were certain that the arbitrators had made clear errors of law, it would not be enough to vacate the Arbitration Award. See City of Lynn v. Thompson, 435 Mass. at 61. Since the arbitrators’ clear errors of law are insufficient to vacate the Award, then their plain ignorance of the law, if proven, would also be insufficient.
Indeed, this Court observes that, under Section 12(a)(4) of the Act, an arbitration award may be vacated if the arbitrators “conducted the hearing, contrary to the provisions of section Jive [of the Act], as to prejudice substantially the rights of a party.” G.L.c. 251, §12(a)(4) (emphasis added). Section 5(b) oftheAct declares that “[t]he parties shall have the right to be heard, to present evidence material to the controversy and to cross-examine witnesses appearing at the hearing.” G.L.c. 251, §5(b). It does not give parties the right to provide copies of court cases to the arbitrators, or even the right to file a written brief. Consequently, the arbitrators’ refusal to accept the proffered court cases was not contrary to Section 5 of the Act, and there cannot be a violation of the relevant portion of Section 12(a)(4) without a violation of Section 5.
Third, Jonas contends that the arbitrators violated a separate provision of Section 12(a)(4) of the Act when they “refused to hear evidence material to the controversy ... as to prejudice substantially the rights of a party.” G.L.c. 251, §12(a)(4). Specifically, Jonas argues that the arbitrators refused to hear evidence:
1. from one of Jonas’s expert witnesses regarding the estate planning consequence of the purchase of the Collegeclub.com stock in her IRA account, which would have shown that this investment was not suitable for an IRA account;
2. regarding the amounts invested by other investors in Collegeclub.com, which would have shown that her investment was by far the largest;
3. regarding Nachman’s divorce and dire financial position, which would have shown her motive in pushing an investment that would have yielded her a substantial commission;
4. regarding the securities in Jonas’s other accounts that she sold to raise the funds to purchase the Collegeclub.com stock; and
5. regarding other customer complaints made against Nachman.
If this Court were an appellate court considering a plaintiffs argument on appeal that the trial court erred in excluding evidence of this sort, it would have before it the transcript of the trial and could determine whether the trial judge erred in exercising its discretion to exclude this evidence under the common-law rules of evidence. In considering an arbitration award, however, this Court does not have before it a transcript of the record below, the rules of evidence did not apply to the arbitration proceeding, and the standard of review is almost certainly different, since clear errors of fact and law are insufficient to vacate an arbitration award but sufficient to reverse a court verdict.
In determining what is meant by the statutory standard — "refused to hear evidence material to the controversy... as to prejudice substantially the rights of a party" — this Court concludes that it requires more than a simple finding that the arbitrators erred or abused their discretion in refusing to admit a particular piece of evidence and that the error caused substantial prejudice. See Drywall Sys., Inc. v. ZVI Constr. Co., Inc., 51 Mass.App.Ct. 353, 364 (2001), rev’d on other grounds, 435 Mass. 664 (2002) (finding that the claimed refusal to hear evidence, while it “facially falls within the ambit of judicial review under G.L.c. 251, § 12(a)(4), ... is, on this record, much overdrawn and in effect is a claim of evidentiary error or error of fact," which is not a sufficient ground to set aside an award). If an evidentiary error were sufficient to set aside an award, the judge reviewing an arbitration award would effectively have to play the role of an appellate court without the transcript and evidentiary rules central to that role. Rather, this Court understands that this statutory standard is met only by a fundamental *478 violation of the parties’ rights under Section 5(b) of the Act — "the right to be heard, to present evidence material to the controversy and to cross-examine witnesses appearing at the hearing." G.L.c. 251, §5(b). See Hague v. Piva, 61 Mass.App.Ct. 223, 227 (2004) (an award of the Legal Fee Arbitration Board was properly vacated when the Board refused to hear any evidence in support of the defendant’s counterclaim). Here, there can be no question that Jonas was given the right to be heard, to cross-examine witnesses, and to present a substantial amount of evidence material to the controversy over the five days of trial. This Court, on this record, cannot evaluate whether the five pieces of evidence in question were barred from evidence at the arbitration hearing because the arbitrators found the evidence to be irrelevant, duplicative, or more prejudicial than probative, or for some other reason. Nor can this Court, on this record, evaluate whether the arbitrators exercised sound discretion in barring this evidence. Nor, pragmatically, should this Court be asked to make such a determination. It is sufficient for this Court to find that, even if the arbitrators had abused their discretion by barring these five pieces of evidence, Jonas still had “the right to be heard, to present evidence material to the controversy and to cross-examine witnesses appearing at the hearing,” as required under G.L.c. 251, §5(b). Consequently, this Court finds that Jonas has failed to establish that the arbitrators “refused to hear evidence material to the controversy... as to prejudice substantially the rights of a parly.” G.L.c. 251, §12(a)(4). Having so failed, her motion to vacate the Arbitration Award must be denied and Deutsche Bank’s motion to confirm must be allowed.
ORDER
For the reasons stated above, this Court ORDERS as follows.
1. Jonas’s motion to vacate the Arbitration Award is DENIED.
2. Deutsche Bank’s motion to confirm the Arbitration Award is ALLOWED.
3. Judgment shall enter in favor of Deutsche Bank, with statutoiy costs only.