Connon, Richard F., J.

INTRODUCTION

The plaintiff, Steven Kady (“Kady”), filed this action against the defendants, Arbella Mutual Insurance Company (“Arbella Mutual”), Arbella Insurance Group and Arbella Protection Insurance Company (“Arbella Protection”), seeking to vacate an arbitration award denying him coverage on an underinsured motorist claim. The court held a trial on this matter on January 20, 2009 where it allowed the parties to present evidence. After considering the evidence adduced at trial and the applicable law, Kady’s application is DENIED and the arbitration award is CONFIRMED.

BACKGROUND

After taking evidence in the form of testimony and exhibits, the court finds the following pertinent facts. On December 27, 2003, Kady suffered personal injuries after his wife struck him with an automobile she was driving.[2] At the time of the incident, Kady had a personal automobile insurance policy issued by Arbella Mutual and a commercial automobile insurance policy issued by Arbella Protection. In June of 2005, Kady settled the personal injury claim against his wife with Arbella Mutual for the full value of the policy of $100,000.[3] Then, Kady made a claim against Arbella Protection for underinsured motorist benefits. That policy contains an exclusion disclaiming losses resulting from intentional acts. The policy also required the parties to arbitrate any disputes arising therefrom.
On August 7, 2006, the parties appeared before an arbitrator. Kady’s attorney sought to introduce the declaration pages of both policies and the release that Kady signed when he settled his personal injury claim with Arbella Mutual. Kady’s counsel offered this evidence because he viewed the dispute as a “breach of contract arising out of Arbella’s failure to pay under-insured motorist coverage benefits ...” The arbitrator refused to admit the proffered evidence and confined the issue to: “Is the claimant entitled to underinsured benefits under the terms of his policy . . .” The arbitrator found that Kady “is not entitled to underinsured benefits [because] the incident arose from an intentional act and as such is not covered by the policy...” On October 16, 2006, Kady filed this complaint seeking to vacate the arbitrator’s award.

DISCUSSION

In his application to vacate the arbitration award, Kady argues that the arbitrator improperly failed to admit the declaration pages and release into evidence. Kady alleges that this evidence would have established liability on part of Arbella and that Arbella, according to Kady’s reading of pertinent case law,[4] would have been estopped from contesting liability again in arbitration. Accordingly, Kady would have the arbitration award vacated under G.L.c. 251, §§5, 12.
Controversies that have their basis in the law can be resolved in an arbitration proceeding if the parties to the dispute so agree or if the governing law requires resolution of such contentions in anon-judicial forum. Generally, the arbitration process entitles the parties to the “right to be heard, to present evidence material to the controversy, and to cross-examine witnesses appearing at the hearing.” G.L.c. 251, §5(b). Upon considering the evidence presented in the proceeding, the arbitrator shall make a decision that is binding to the parties in the form of an award.
Although the arbitrator’s decision constitutes final adjudication on the merits, the court may vacate it if:
(1) the award was procured by corruption, fraud or other undue means;
(2) there was evident partiality by an arbitrator . . . or misconduct prejudicing the rights of any party;
(3) the arbitrators exceeded their powers;
(4) the arbitrators . . . refused to hear evidence material to the controversy or otherwise so conducted the hearing... as to prejudice substantially the rights of a party . . .
*578 G.L.c. 251, § 12(a).
As evidenced above, the court’s power to vacate an arbitration award is limited. Lyons v. School Comm. of Dedham, 440 Mass. 74, 77 (2003). Neither error of fact or law provides sufficient grounds to disturb an arbitrator’s decision, even when- grossly erroneous. School Dist. Of Beverly v. Geller, 50 Mass.App.Ct. 290, 293 (2000). Indeed, an “arbitrator’s result may be wrong; it may appear unsupported; it may appear poorly reasoned; it may appear foolish. Yet it may not be subject to court interference.” Lynn v. Thompson, 435 Mass. 54, 62 (2001) (internal quotations omitted).
Against this rigid backdrop, this court finds it difficult to vacate the present arbitration award. First, the evidence didn’t show that the arbitration award “was procured by corruption, fraud or other undue means.” G.L.c. 251, §12(1); Superadio Ltd. P’ship v. Winstar Radio Prod,, LLC, 446 Mass. 330, 334 (2006). Furthermore, Kady failed to prove that the arbitrator engaged in misconduct, displayed partiality or exceeded her powers. G.L.c. 251, §12(2)-(3).
More importantly, the arbitrator’s refusal to admit Kady’s proffered evidence amounts to nothing more than an error of fact, grounds on which this court may not base its vacatur.[5] Drywall Sys., Inc. v. ZVI Constr. Co., Inc., 51 Mass.App.Ct. 353, 364-65 (2001) (affirming arbitration award because arbitrator’s potential error of refusing to hear relevant testimony is one of evidentiaiy nature), rev’d on other grounds, 435 Mass. 664 (2002). In deciding that the evidence was irrelevant, the arbitrator simply made a factual judgment; she refused to consider the evidence because it would not affect her decision either way. See School Comm. Of Lowell v. Oung, 72 Mass.App.Ct. 698, 707 (refusing to disturb arbitrator’s award even when she failed to admit certain evidence), review denied, 452 Mass. 1110(2008).
It is also important to note that the arbitration here did not present any of the issues in Hague v. Piva, a case in which the Appeals Court affirmed the trial judge’s decision to vacate the award. 61 Mass.App.Ct. 223, 229 (2004). Unlike Hague, where the arbitrator heard no evidence on the defendant’s counterclaim, Kady was allowed to present evidence and prove his case. Id. at 227. Mere refusal to admit some evidence didn’t undermine Kady’s “right to be heard [and] present evidence material to the controversy ...” Jonas v. Deustsche Bank Sec., 2008 WL 4368235, *3, SUBLS2006-02542 (Mass.Super.Ct. Sep. 23, 2008) (Gants, J.) [24 Mass. L. Rptr. 475] (upholding arbitrator’s decision even when he refused to admit five exhibits because plaintiff exercised right to be heard in arbitration proceeding). Any resulting error of law underlying the arbitrator’s award that may have been the by-product of her failure to consider the proffered evidence is also not ground for vacating the award. McGovern v. Middlesex Mut. Ins. Co., 359 Mass. 443, 445 (1971) (reiterating well-established principle that arbitration award is binding even when containing errors of fact and law). Therefore, the arbitration award shall stand because any potential error that the arbitrator may have made in excluding the evidence provides an insufficient basis for a vacatur.

ORDER

For the foregoing reasons, it is hereby ORDERED that Steven Kady’s application to vacate the arbitration award be DENIED and that the arbitration award be CONFIRMED.

It is not clear whether the accident was intentional. The District Attorney’s Office brought criminal charges against Kady’s wife, but she was acquitted after a trial. For the purposes of this motion, the court need not determine whether Kady was injured intentionally.

Kady also signed a release.

As part of his estoppel argument, Kady relies on Aetna Cas. & Sur. Co. v. Poirier, 371 Mass. 257 (1976), and Furukawa v. Arbella Mut. Ins. Co., 59 Mass.App.Ct. 142 (2003). Kady would read those two cases as banring Arbella from denying liability on the underinsured motorist claim after having settled the personal injury claim with Kady previously. As will be discussed below, this court need not address those cases because even if Kady is correct in interpreting them, an error of law by the arbitrator shall not entitle Kady to a vacatur of the award.

The court is not ruling whether the arbitrator erred when excluding the evidence, as for purposes of-this decision, it need not embark in such endeavor.