**LOCAL 227, INTERNATIONAL HOD CARRIERS, BUILDING AND COMMON LABORERS UNION OF AMERICA, AFL–CIO, Plaintiff,**

v.

**J. Cecil SULLIVAN and Pat Sullivan, a co-partnership doing business as Midland Construction Company, Defendants.**

Civ. No. 5034.

United States District Court
E. D. Illinois.

Aug. 29, 1963.

Harold Gruenberg and John M. Schobel, St. Louis, Mo., and Thomas Q. Keefe, East St. Louis, Ill., for plaintiff.

George B. Lee, Harrisburg, Ill., and Ralph Walker, Walker & Williams, East St. Louis, Ill., for defendants.

JUERGENS, District Judge.

Plaintiff, Local 227, International Hod Carriers, Building and Common Laborers Union of America, AFL-CIO (hereinafter called "Union"), filed a complaint under Section 301(a) of the Labor Management Relations Act, as Amended (Title 29 U.S.C. § 185), wherein it is alleged that J. Cecil Sullivan and Pat Sullivan, a co-partnership doing business as Midland Construction Company (hereinafter referred to as "Midland"), during the time in question were members of Egyptian Contractors Association, Inc. (hereinafter referred to as "Association"), and were bound by the terms of a collective bargaining agreement between the Association and plaintiff; that the collective bargaining agreement contains an arbitration clause which provides a method of resolving differences between parties; that one Joe Johnson, a laborer and employee of Midland and a member of Union, was discharged and that the discharge was submitted to arbitration; that by mutual agreement of Union and Midland the difference resulting from the discharge of Joe Johnson was submitted to arbitration on December 18, 1961 before arbitrator Fern R. Rauch; that the arbitrator issued and served upon plaintiff and defendants his decision and an award ordering reinstatement of Joe Johnson to the employ of Midland together with payment for actual time lost less interim earnings; that defendants have wilfully refused to abide by and comply with the decision and award of the arbitrator and have wilfully refused to reinstate Joe Johnson to their employ and have wilfully refused to make whole said Joe Johnson for wages lost as a consequence of the discharge; wherefore, plaintiff prays that this Court enter an order enforcing the decision and award of the arbitrator and compelling defendants to effect compliance therewith.

Midland filed answer to the complaint, admitting in part and denying in part the allegations contained therein.

As a third defense and/or counterclaim, defendants assert that if the Court finds it has jurisdiction of the cause and that there was a difference between plaintiff and defendants resulting from defendants' discharge of Joe Johnson and that by mutual agreement of the parties the Department of Labor of the State of Illinois was designated by the parties to arbitrate the difference, then and in such event the purported award by the Department of Labor was thereafter amended by the Department of Labor and that the defendants have complied with the amended award; that therefore there is an accord and satisfaction of the purported award of the Director of Labor of the State of Illinois.

The defendants filed a counterclaim, alleging that if this Court finds it has jurisdiction of the cause and that there was a difference between the parties which was to be arbitrated in accordance

with a labor contract, if any, entered into between the parties and growing out of the discharge of Joe Johnson and that by mutual agreement of the parties the Department of Labor of the State of Illinois was designated by the parties to arbitrate the difference, then and in such event counterplaintiffs state that the purported award of the Department of Labor was amended and that there was an attempted compliance of the amended award by defendants and that the plaintiff and Joe Johnson refused to abide by the amended finding of the Director of Labor of the State of Illinois and ask that the Court find that the amended award of the Department of Labor is binding on the parties and that the amended award was satisfied by the defendants-counterplaintiffs.

Defendants have also filed their additional (fourth) defense and additional counterclaim, wherein it is asserted that if the Court finds it has jurisdiction of the cause; that there was a labor contract which provided for arbitration between the parties; that there was a difference between the parties to the cause which was to be arbitrated in accordance with the labor contract, if any, entered into between the parties and growing out of the discharge of Joe Johnson; and that an arbitration was held purporting to arbitrate said differences between the parties; then and in such event counterplaintiffs assert that the purported arbitration award was not constituted in accordance with a purported agreement of the parties in that the purported award was entered by one man only and later sought to be corrected by one man and that the award itself was unauthorized by the purported agreement; that the award exceeded the jurisdiction conferred upon the purported arbitration board; that the purported arbitrator or arbitrators exceeded his or their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made; that there was evident partiality on the part of the purported arbitrator or arbitrators in making the findings of fact and award;

that the purported arbitration award was procured by undue means; and that the purported arbitration award was not the result of a hearing, taking of evidence and deliberation of an arbitration board which was intended by the parties. Counterplaintiffs ask that the purported award or awards, or either of them, be vacated and set aside and that this Court make such further order in the premises that may be deemed just and appropriate.

The defendants attempted to show that they were not members of the Association at the time of the occurrence out of which this incident arose, for the reason that they had paid dues for only one year and that the by-laws of the Association provided that dues were payable in advance and that upon failure to comply with the dues-paying provision of the Association agreement, a member—in this instance, Midland—would be dropped from the rolls and would no longer be a member of the Association. The evidence failed to establish that the defendants had in fact been dropped from the rolls of the Association. The defendants by their conduct continued to operate under the collective bargaining agreement and in fact after the incident out of which this cause of action arises had occurred, defendants and plaintiff pursued to a point arbitration procedures as outlined in the collective bargaining agreement.

The arbitration clause of the collective bargaining agreement (Plaintiff's Exhibit No. 1) provides as follows:

"ARTICLE NO 11: GRIEVANCE PROCEDURE

"There shall be no stoppage of work on account of any differences which might occur between the employer and the union. Any disputes should be adjusted quickly between a representative of the employer and the business agent. If the dispute cannot be settled then satisfactorily, it shall be immediately referred to a board consisting of four members two appointed by the employer and two appointed by the union and they

shall have the authority to choose a fifth member, if, and when, they deem it necessary.

"It is agreed that majority decision rendered by such board shall be final and binding on both parties."

The evidence developed that adjustment between the parties had been attempted without success, whereupon the plaintiff appointed two members as an arbitration committee consisting of one Jesse Heern and Herbert A. Underwood. Pat Sullivan and Willard Franks were appointed for defendants.

Jesse Heern testified that he was a member of the arbitration board, having been appointed by plaintiff; that the four members of the board originally appointed had a meeting which lasted approximately ten minutes; that he had never talked with any other member of the board either before or after the ten-minute arbitration meeting; that he had not participated in the decision rendered by Mr. Rauch; that he had not been consulted as to who the fifth member of the board should be; but that he would have listened to a reasonable explanation and would have been fair in reaching a determination of the dispute.

Herbert A. Underwood testified that he was appointed as a member of the original four members of the arbitration committee; that no agreement had been reached between the parties; that the arbitration committee had met only one time; that there had never been any other hearing which he had attended which included a fifth man; that he had heard the decision read but that he had not participated in reaching the decision; and that he had not assisted in appointing the fifth member of the arbitration board.

Willard G. Franks testified that he had been appointed to the arbitration board to represent the interest of the defendants; that the arbitrators met, were unable to agree and agreed to appoint a fifth member and the decision of the majority would be binding on the parties; that the labor relations manager at Joppa was to be the fifth member; and that he had never heard of any other meeting.

The evidence establishes that the Union, acting through its business agent, one Harold Mansfield, contacted the Illinois State Department of Labor and asked that it furnish an arbitrator to adjust the dispute between plaintiff and defendants; that pursuant to the request, the Department assigned one Fern R. Rauch as an arbitrator; that Rauch met with the plaintiff and defendant Pat Sullivan and agreed to act as an arbitrator; that before proceeding with the arbitration he stated it was necessary the parties execute an agreement that they would be bound by the arbitration award. This agreement provides as follows:

"It is hereby agreed between the parties signatory hereto that:

"There shall be no stoppage of work on account of any differences which might occur between the employer and the union. Any dispute should be adjusted quickly between a representative of the employer and the business agent. If the dispute cannot be settled then satisfactorily, it shall be immediately referred to a board consisting of four members, two appointed by the employer and two appointed by the union, and they shall have the authority to choose a fifth member, if, and when, they deem it necessary.

"It is agreed that majority decision rendered by such board shall be final and binding on both parties.

/s/ F M Pat Sullivan
Midland Construction Company

/s/ Harold Mansfield
B.A.
Cardondale Local 227
IHCB & CIU of A"

Fern Rauch testified that he was assigned as an arbitrator in the matter by the Assistant Director of Labor of the State of Illinois upon request by plaintiff; that he held a hearing on December 18, 1961 at Southern Illinois University; that Pat Sullivan and Mansfield were present and had a preliminary confer-

ence; that the statement concerning the arbitration agreement was signed by both parties; that he opened the meeting for presentation of evidence and both parties presented evidence; that he made written notes of the hearing and later entered a written order; that during the course of the arbitration proceedings he had not seen Franks, Heern or Underwood and that he had never talked to any of them.

After receiving the arbitration order from Rauch, the defendants contacted the Director of Labor and requested an interpretation of the arbitration award. A meeting was held between Pat Sullivan and a member of the Department of Labor, Ray Edmundson. Thereafter, a letter was forwarded to defendants by Ray Edmundson of the Department of Labor which purported to interpret the provisions of the arbitrator's award. Pursuant to the directions contained in the letter of interpretation, Midland prepared a draft and forwarded it to the discharged employee by letter, purportedly in compliance with the agreement as interpreted. Thereafter, the Union contacted the Department of Labor and a letter by Ray Edmundson was forwarded to Midland, wherein it was stated, inter alia:

> "In view of the protest and the position of the Arbitrator it becomes necessary that I withdraw the full and complete context of my letter which I understood to be the facts to which we agreed at the conference that was held on Dec. 18, 1961."

The question which this Court must next decide is whether or not the arbitration by Rauch, pursuant to which the award was entered, complied with the provisions of the collective bargaining agreement.

It must be pointed out that the collective bargaining agreement provides for the appointment of two members to a board of arbitration by each of the parties involved and that these parties so appointed then have the authority to select a fifth member to serve, if, and when, they deem it necessary, and in such event the majority decision rendered by the board was to be final and binding on both parties. Here it appears that each of the parties selected two members; that these members met for a period of approximately ten minutes, were unable to agree; and that no further action was taken by the four members. The Union then contacted the State of Illinois Department of Labor and asked that an arbitrator be supplied. This arbitrator appeared before plaintiff and defendant Pat Sullivan and, before proceeding with arbitration, asked that the parties sign an agreement hereinabove set out. By this agreement the same provisions provided in the collective bargaining agreement are set out. It does not appear that any of the procedures required were followed; rather, the one "member" took it upon himself to conduct the entire proceedings, render his decision without benefit of conferences or discussion or review of evidence with any of the other members. He then rendered his award. An attempt to amend the award by the Department of Labor was forthcoming, which was subsequently withdrawn.

Plaintiff argues that it was unnecessary to have the five members of the board present; that it was unnecessary for three members of the board to sign the award or apparently, for that matter, that the three majority members even be familiar with what was contained in the award before such award was entered. If such were the case, then it seems quite ridiculous for the collective bargaining agreement under consideration to have the provision that two members be selected by each side and that these four members together select a fifth member, if, and when, they deem it necessary. There was not the remotest attempt to follow the collective bargaining agreement past the stage where the two members were appointed by each side. Thereafter, there was a complete divergence from the requirements of the collective bargaining agreement and methods unauthorized by it were attempted and the arbitration proceeded by one member only. Such is not in compliance with the col-

lective bargaining agreement, nor is it in compliance with the agreement signed by the parties prior to the hearing before the arbitrator supplied by the Illinois Department of Labor.

A reasonable construction of a collective bargaining agreement is that the parties intend the arbitrators of their grievances to adjudicate within some procedural rubric. Central Packing Co. of Kansas v. United Packinghouse Workers, U.S.D.C., D.Kan., 1961, 195 F.Supp. 188.

In Carr v. American Insurance Company, U.S.D.C., E.D.Tenn., Northeastern Div., 1957, 152 F.Supp. 700, the Court had the following to say:

> "Where parties in controversy agree to arbitration, the submission is an agreement and a mutual delegation of a specific authority. The arbitration must proceed in accord with the submission. Unless the award strictly conforms to the submission, it is a nullity."

Although the Carr case does not concern the interpretation of a collective bargaining agreement, yet the Court is of the opinion that arbitration procedures as outlined therein are also applicable to collective bargaining agreements as in other arbitration agreements.

■ ■ The defendants argue that this Court does not have jurisdiction to determine this matter under the provisions of Section 301 of the Labor Management Relations Act. With this the Court does not agree. There is here a dispute concerning a collective bargaining agreement and more specifically the arbitration clause thereof. The Court finds that it does have jurisdiction of this matter to determine, as it does here, the proper method of arbitration as prescribed by the collective bargaining agreement. The Court finds that the parties failed to arbitrate the controversy in accordance with the terms of the collective bargaining agreement or in accordance with the terms of the mutual stipulation thereafter entered by the plaintiff and defendants and, accordingly, finds that the arbitration award should be set aside

and the matter referred to a proper arbitration board by the parties for their further consideration.

For the above reasons the Court finds that the plaintiff has failed to establish its cause of action and that judgment must, therefore, be entered for the defendants.

The above and foregoing shall be considered findings of fact and conclusions of law.

Parties to settle the order.