**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION 1823, Plaintiff,**

v.

**WGN OF COLORADO, INC., Defendant.**

**Civ. A. No. 84–K–1166.**

United States District Court, D. Colorado.

Aug. 8, 1985.

Jonathan Wilderman, Denver, Colo., for plaintiff.

John D. Phillips, Jr., Denver, Colo., for defendant.

**ORDER**

KANE, District Judge.

This is an action by plaintiff union to vacate an arbitration award. A dispute arose upon the termination of Charles Kirkeby, an employee of WGN and a member of IBEW local 1823, for alleged dishonesty. In accordance with the bargaining agreement between the parties, a three-member arbitration panel was selected, and a hearing before the three arbitrators was held. After the hearing, a decision signed only by the neutral arbitrator was issued. It is not disputed that the decision of the arbitration board was prepared entirely by the neutral arbitrator, and that no attempt was made to obtain the signatures of the other board members.[1]

The union states three claims for relief based on the procedure by which the final award was rendered. First, the union alleges a violation of the collective bargaining agreement under Section 301 of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185. Second, the union contends the award does not meet the requirements of the Uniform Arbitration Act as adopted in Colorado, C.R.S. § 13–22–201 *et seq.* Finally, the union alleges that the arbitration award violates the Federal Arbitration Act, 9 U.S.C. § 1–11. The union requests vacation of the award and a rehearing de novo before a newly constituted arbitration board pursuant to C.R.S. § 13–22–214(3).

The parties have submitted cross-motions for summary judgment. The union's second claim for relief under the Uniform Arbitration Act as adopted in Colorado is dismissed since it is preempted by the Federal Arbitration Act. *Collins Radio Co. v. Ex-Cell-O Corp.*, 467 F.2d 995, 999 (8th Cir.1972). I will treat the first and third claims for relief together. For the reasons stated below, I conclude that the plaintiff is entitled to vacation of the award. I am remanding the case to the arbitration panel for compliance with the provision of the

---

1. MacLean Deposition at 13.

collective bargaining agreement requiring a majority decision by the board.

### I.

Summary judgment is a drastic remedy and should only be employed where there is no genuine issue as to any material fact. *Rawson v. Sears, Roebuck and Co.*, 554 F.Supp. 327 (1983). In addition, the evidence presented to the court supporting a motion for summary judgment must be construed in favor of the party against whom the motion is made and that party must be given the benefit of all favorable inferences that can be drawn from it. *Bruce v. Martin-Marietta Corp.*, 544 F.2d 442 (10th Cir.1976). The fact that both parties argue simultaneously that there is no genuine issue of fact does not establish that a trial is unnecessary and that the case should be disposed of by summary judgment. Wright & Miller, *Federal Practice and Procedure* § 2720 (1983). Each motion must be considered separately and each party, as a movant for summary judgment, bears the burden of establishing that no genuine issue of material of fact exists and that he is entitled to judgment as a matter of law. *Id.*

### II.

 It is by now an axiom of federal labor law that judicial review of an award following properly conducted arbitration proceedings is severely circumscribed, and that such an award will not be set aside so long as it "draws its essence from the collective bargaining agreement." *Graphic Arts International Union, Local 97–B v. Haddon Craftsmen, Inc.*, 489 F.Supp. 1088 (M.D.Pa.1979). In the case at hand, no substantive or jurisdictional defect was alleged by plaintiff. Procedural irregularities, however, may also result in such fundamental unfairness as to warrant the vacation of an arbitral award. *See* Gorman, *Labor Law* (1976), p. 602, (*citing Local 227, International Hod Carriers v. Sullivan*, 221 F.Supp. 696 (E.D.Ill.1963)). Plaintiff contends that the neutral arbitrator did not have a sufficient basis for excluding the other two arbitrators from the decision making process after the hearing, or that it was incorrect for the neutral arbitrator to assume that further consultations with the partisan arbitrators after the hearing would not affect the final decision.

 Section 10(d) of the Federal Arbitration Act provides for vacation of an arbitral award "[w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made." Section 301 of the LMRA, however, does not contain a specific provision concerning arbitration. A party has a remedy under section 301 if there has been a breach of the collective bargaining agreement. If an award does not draw its essence from the agreement, therefore, it is appropriate to bring an action under section 301. The real test, however, under either the LMRA, the Federal Arbitration Act, or the Railway Labor Act, is whether the arbitrator has exceeded the powers delegated to him by the parties. *See Ethyl Corporation v. United Steelworkers of America, AFL–CIO–CLC*, 768 F.2d 180 (7th Cir.1985); *Loveless v. Eastern Air Lines, Inc.*, 681 F.2d 1272 (11th Cir.1982).

 The labor agreement between the parties provides:

Any matter that is not adjusted by the Employer and the Union, as provided in Section 1 of this article, shall be referred to arbitration. Any demand for arbitration shall be in writing, shall specify the issue in detail and shall name an arbitrator. Within five (5) days after receipt of such demand, the party or representative receiving it shall also name an arbitrator. A third arbitrator shall promptly be chosen by the two named parties, or if they fail to agree within five (5) days shall be appointed by the Judge of any Federal or State Court mutually agreed upon. *The majority decision of the Arbitration Board shall be final and binding on both parties.* Each party shall defray the expenses of its representatives on the Board, and the fee and expenses of

the third member shall be borne equally by the parties.[2]

The question before us, then, is whether the arbitral award constitutes a "majority decision" as set forth in this provision. Plaintiff argues that there was essentially no participation by the partisan arbitrators after the hearing, and that a majority decision was never reached.

According to the neutral arbitrator and the arbitrator for the company, all three arbitrators met immediately following the conclusion of the hearing, at which time the two partisan arbitrators indicated that they would each support the position of the party appointing them to the board.[3] The arbitrator for the union, however, recalls no such meeting. He maintains that he never said anything indicating that he had no comments to make on the merits, and that the neutral arbitrator never asked him whether he would take the union's position.[4]

Clearly, a dispute exists as to whether the neutral arbitrator asked this question of the two partisan arbitrators. It is not, however, a disputed material fact which will prevent me from granting summary judgment in this case. After examining the memoranda, depositions, and affidavits supporting the parties' respective motions for summary judgment, I conclude that the procedural irregularities, regardless of whether the neutral arbitrator asked the other arbitrators this question, are such that I must vacate the award.

I make this decision fully aware of the strong policy in favor of upholding arbitration awards and after examining the case law cited by the parties, in particular *International Hod Carriers Local 227 v. Sullivan*, 221 F.Supp. 696 (E.D.Ill.1963) and *Cities Service Oil Co. v. American Mineral Spirits Co.*, 22 F.Supp. 373 (S.D.N.Y. 1937).

Plaintiff relies on *Hod Carriers, supra*, in which the contract between the parties provided for submission of disputes to an arbitration board consisting of five members, two appointed by the employer, two appointed by the union, and a fifth chosen by those four if, and when, they found it necessary. The contract also provided that a "majority decision rendered by such board shall be final and binding on both parties." *Id.* at 698. The court held that the arbitration award delivered by the fifth arbitrator did not comply with the provision of the collective bargaining agreement. One member essentially conducted the entire proceeding and rendered his decision without consultation or discussion with the other four arbitrators. *Id.* at 700. The court rejected plaintiff's argument that it was unnecessary to have all five present or for three members of the board to sign the award, noting that not requiring participation by all the arbitrators would render the contract provision regarding arbitration meaningless.

Defendants rely on *Cities Service Oil Co. v. American Mineral Spirits Co.*, 22 F.Supp. 373 (S.D.N.Y.1937). In accordance with the contract, a dispute was submitted to a board of three persons, hearings were held, and the arbitrators deliberated without reaching a decision. The neutral arbitrator then worked alone to draft a decision. He called the other arbitrators to his office, where one arbitrator signed the decision and the other dictated and signed a dissent. The dissenting arbitrator alleged a § 10(d) violation insofar as he was deprived of an opportunity to persuade the other arbitrators of the correctness of his views. The court, however, held "[a]lthough the court does not wish to encourage arbitrators to arrive at and decree awards without consulting their colleagues, it cannot be said in this case that sufficient joint consideration of the problems was not attained." *Id.* at 376.

---

**2.** *See* Agreement, Article II, § 3 at 13 (emphasis added).

**3.** *See* MacLean Deposition at 18, 30; Jurgens Affidavit, paragraph 6.

**4.** *See* Richardson affidavit, paragraph 5.

68

Of course, the facts before me are distinguishable. In *Hod Carriers*, the neutral arbitrator not only rendered the opinion, but also conducted the entire arbitration proceeding without the presence of the partisan arbitrators. *Hod Carriers*, 221 F.Supp. at 700. In the case at bar, both partisan arbitrators were present at the hearing and free to participate throughout. The partisan arbitrators, however, did not participate in post-hearing discussion of the case, did not review a draft of the neutral arbitrator's decision, and were not asked to sign the award. Although the failure of the neutral arbitrator to call an executive session to review evidence presented at the hearing may not require invalidation of the decision of the board,[5] the fact that the award was signed by only one arbitrator makes it clear that it is not a majority decision. I am not convinced from the affidavits and depositions that the decision was arrived at by the majority of the arbitration board. The partisan arbitrators must at least be given the opportunity to offer comments and sign or dissent in the final decision. Although the courts have refused to vacate awards where, as in *Cities Service*, there was clear evidence that the parties had deliberated and been provided an opportunity to sign or dissent with the neutral arbitrator's decision, the lack of evidence of any significant decision making process by the majority of the board compels me to vacate the award.

The award shall be remanded to the arbitration board for compliance with these procedural requirements. A new arbitration panel and a new hearing are unnecessary and will not be granted, as the Colorado provision providing for a new board is not applicable. The board need not rehear the evidence, but must merely meet and review the evidence, and reach a majority decision.

It is therefore ORDERED that plaintiff's motion for summary judgment is granted and defendant's motion for summary judgment is denied. The case shall be remanded to the original arbitration panel which shall take steps to ensure that the contract provision is complied with and a majority decision is reached.

IT IS ORDERED that this complaint and civil action are dismissed, each party to bear its own costs.

---

5. *See In re Duluth, Missabe and Iron Range Railway Co.*, 124 F.Supp. 923, 928 (D.Minn. 1954); *Davey Tree Surgery Co. v. International Brotherhood of Electrical Workers, Local 1245*, 135 Cal.Rptr. 300, 65 Cal.App.3d 440 (1976).