Vera **THOMASON** and Jane Lockhart, Plaintiffs-Appellees,

v.

Edward David **McALISTER**, Defendant-Appellant.

No. 87CA0010.

Colorado Court of Appeals, Div. III.

Nov. 25, 1987.

Allen J. Kincaid & Associates, W. Edward Pabst, Brush, for plaintiffs-appellees.

Althea M. Gerrard, P.C., Althea M. Gerrard, Westminster, for defendant-appellant.

BABCOCK, Judge.

Defendant appeals the denial of his C.R. C.P. 60(b) motion to set aside a judgment. We affirm.

In December 1980, Ralph E. Ryan filed a complaint against defendant, alleging that defendant caused him to transfer certain real estate to defendant by fraud and deceit. Ryan died in June 1981.

On October 13, 1982, Ryan's legatees, plaintiffs Vera Thomason and Jane Lockhart, filed a suggestion of death and a motion for substitution of parties pursuant to C.R.C.P. 25(a). Attached to the motion for substitution was a copy of motion by Ryan's personal representative for transfer of this chose in action to the legatees together with the probate court's order authorizing the transfer. Notice of the motion for substitution was given defendant by mail on October 11, 1982.

The trial court granted plaintiffs' motion allowing substitution of the parties on November 5, 1982. The order approving substitution was mailed to defendant on November 8, 1982.

In January 1986, the parties attended a settlement conference before the trial court. Thomason and counsel for both parties appeared in person. Defendant appeared by telephone.

The parties reached a stipulation for settlement of the action. When defendant later refused to execute a written version of the stipulation and appurtenant documents, the trial court, upon plaintiffs' motion, reduced the stipulation to judgment.

I.

Defendant first contends that the trial court's erroneous substitution of the legatees for Ryan, rather than the personal representative, deprived it of jurisdiction to enter the judgment. We find no error.

Defendant does not question whether this action survives. See § 13–20–101, C.R. S. As framed, his contention does not attack the trial court's subject matter jurisdiction, and the trial court had clear authority to render a judgment in this case. See Paine, Webber, Jackson & Curtis, Inc. v. Adams, 718 P.2d 508 (Colo.1986).

Unless the trial court has been given an opportunity to correct an alleged error, it will not be considered on review. Witcher v. Canon City, 716 P.2d 445 (Colo.1986). Moreover, if there is a substitution of parties, any error therein is waived by failure to object. Hagerman v. Bates, 24 Colo. 71, 49 P. 139 (1897).

■ Here, defendant filed no objection to plaintiffs' suggestion of death and motion for substitution of parties, nor did he in any way challenge the trial court's order permitting the substitution. Defendant also failed to raise this issue in his C.R.C.P. 60(b) motion or in any other post-trial pleadings. Consequently, defendant waived his right to review of this issue on appeal. See Hagerman v. Bates, supra. See also C.R.C.P. 9(a); Adler v. Adler, 167 Colo. 145, 445 P.2d 906 (1968) (denial of capacity to sue or be sued must be raised by specific negative averment or it is waived).

■ In any event, the trial court correctly ordered substitution of the legatees as assignees of Ryan's personal representative. See C.R.C.P. 25(c); Olmstead v. All-

*state Insurance Co.,* 320 F.Supp. 1076 (D.Colo.1971).

### II.

Defendant next contends that he had the right to be present in court to assist his attorney at the settlement conference, and that the judgment should be set aside because this right was violated. We disagree.

The record shows that neither defendant, nor his attorney objected in any way to defendant's absence from the settlement conference. *See Witcher v. Canon City, supra; Adams v. Frontier Airlines Federal Credit Union,* 691 P.2d 352 (Colo.App. 1984). Rather, defendant consented to attend the conference telephonically.

### III.

Defendant also asserts that the judgment should be set aside because he did not have knowledge or understanding of the settlement and, therefore, did not consent to the agreement. We disagree.

Stipulations are a form of judicial admission which are binding on the party who makes them and may constitute its basis for a judgment. *Durbin v. Bonanza Corp.,* 716 P.2d 1124 (Colo.App.1986). Parties are free to stipulate away valuable rights, provided the court is not required to abrogate inviolate rules of public policy. *Kempter v. Hurd,* 713 P.2d 1274 (Colo. 1986). Generally, allegations regarding negligence in entering into a stipulation are not sufficient grounds for granting relief on the basis of mistake, inadvertence, surprise, or excusable neglect under C.R.C.P. 60(b). *See Luna v. Fisher,* 690 P.2d 264 (Colo.App.1984).

Here, the record reflects that although defendant had not yet executed the stipulation, he was fully advised of its material terms by both his attorney and the trial court during the telephone settlement conference. Further, defendant agreed on the record promptly to execute the settlement following the conference. The trial court did not err, therefore, in reducing the stipulation to judgment.

Defendant's remaining contention regarding lack of standing is without merit.

Judgment affirmed.

STERNBERG and TURSI, JJ., concur.