George HOFFSETZ, Plaintiff-Appellee and Cross-Appellant,

v.

JEFFERSON COUNTY SCHOOL DISTRICT NO. R-1, Defendant-Appellant and Cross-Appellee,

and

Joe Migliorato, Virginia Ward and Art Mann, Defendants and Cross-Appellees.

No. 86CA0009.

Colorado Court of Appeals,
Div. II.

April 7, 1988.

Rehearing Denied May 12, 1988.

The Correll Law Office, P.C., Tim Correll, Denver, for plaintiff-appellee and cross-appellant.

Sherman & Howard, Walter V. Siebert, William F. Schoeberlein, Mary Volk Gregory, Denver, for defendant-appellant and cross-appellee and defendants and cross-appellees.

BABCOCK, Judge.

Defendant, Jefferson County School District No. R–1, (school district) appeals the judgment of the trial court entered on a jury verdict awarding plaintiff, George Hoffsetz, damages for breach of contract as a result of Hoffsetz's discharge from employment. The jury also awarded Hoff-

setz damages against the school district for mental suffering caused by the breach of contract, and further awarded Hoffsetz actual and exemplary damages against defendants Joe Migliorato, Virginia Ward, and Art Mann for their outrageous conduct. In granting defendants' motion for judgment notwithstanding the verdict, the trial court eliminated all but the actual breach of contract damages. Hoffsetz cross-appeals the judgment notwithstanding the verdict and seeks reinstatement of the jury's awards. We affirm in part and reverse in part.

George Hoffsetz was employed by the school district as a custodian in June 1978. He worked at several schools and ultimately was transferred to Dunstan Junior High. At trial, several witnesses testified that defendant Migliorato, who was Hoffsetz's area supervisor, transferred Hoffsetz to Dunstan for malicious purposes. Hoffsetz also received a warning and a reprimand from Migliorato.

There was evidence that at Dunstan, Hoffsetz was periodically harrassed by defendants Mann and Ward, his supervisors at that school. Finally, in September 1981, Hoffsetz and Mann got into a heated argument. Mann told Hoffsetz to "get his ass out of the building." Hoffsetz then left the premises. The next morning, Hoffsetz called Migliorato, who instructed him to return to Dunstan or face termination. Hoffsetz refused to return to the school.

Hoffsetz's termination was processed as a "quit" by the school district. Thereafter, Hoffsetz filed a grievance, alleging that he was terminated without cause. Pursuant to the collective bargaining agreement between the Classified School Employees Association and the school district, Hoffsetz was permitted a three-tiered grievance procedure which culminated in arbitration. In March 1982, the arbitrator found that Hoffsetz had voluntarily terminated his employment with the school district. The Jefferson County School Board accepted the arbitrator's decision and then denied Hoffsetz's grievance. The employees association did not contest the award, and thereafter, Hoffsetz brought this action.

## I.

The school district first contends that the trial court erred in entering judgment for breach of contract against it because, as a matter of law, the claim is barred by the arbitration award. The school district argues that arbitration was Hoffsetz's exclusive remedy. We disagree.

The language of an arbitration agreement controls the nature of an arbitration. *Water Works Employees v. Board of Water Works*, 44 Colo.App. 178, 615 P.2d 52 (1980). Where such an agreement provides only for advisory arbitration, the arbitrator's award is not binding upon either party. *Water Works Employees v. Board of Water Works, supra.* The scope of the arbitrator's authority is itself a question of contractual interpretation. *W.R. Grace & Co. v. Local Union 759*, 461 U.S. 757, 103 S.Ct. 2177, 76 L.Ed.2d 298 (1983).

Here, the collective bargaining agreement contained a grievance procedure which effectively operated as a nonbinding arbitration agreement. The procedure stated, in part: "The umpire report shall be advisory." Thus, under the plain language of this agreement, the arbitration is advisory only. The collective bargaining agreement cannot be interpreted in a manner requiring that the arbitrator's award be binding on Hoffsetz so as to serve as his exclusive remedy.

The school district also argues that Hoffsetz's breach of contract claim was barred by administrative collateral estoppel. Although Colorado law recognizes that collateral estoppel applies to decisions of administrative bodies as well as to courts, *Salida School District R–32–J v. Morrison*, 732 P.2d 1160 (Colo.1987), this case involves no administrative proceeding. Thus, the doctrine is inapplicable. We conclude that the trial court did not err in allowing Hoffsetz to proceed on his breach of contract claim.

## II.

The school district next contends that the evidence did not establish a constructive discharge. Again, we disagree.

The record reflects that the jury was properly instructed on the law of constructive discharge. *See Wilson v. Board of County Commissioners*, 703 P.2d 1257 (Colo.1985). Appellate courts are bound by a jury's findings when there is competent evidence in the record supporting those findings. *City of Aurora v. Loveless*, 639 P.2d 1061 (Colo.1981); *see also Vigil v. Pine*, 176 Colo. 384, 490 P.2d 934 (1971). The record contains ample evidence that supports the jury's finding that Hoffsetz was constructively discharged.

### III.

■ The school district's final contention is that the damages award is excessive as a matter of law. The school district objects to the calculation of the value of Hoffsetz's pension benefits, and to the award of lost health insurance benefits. We hold that the school district is precluded from raising this issue on appeal.

Unless the trial court has been given an opportunity to correct alleged error, it will not be considered on appeal. *Witcher v. Canon City*, 716 P.2d 445 (Colo.1986); *Thomason v. McAlister*, 748 P.2d 798 (Colo. App.1987).

Here, the school district raised no objection to the admission of Hoffsetz's expert testimony regarding the calculation of the value of the pension and health benefits. No jury instruction was tendered by the school district to remove these elements of damage from the jury's consideration. Nor did the school district raise this issue in its post-trial motions. Accordingly, the school board may not raise these issues for the first time on appeal.

### IV.

Hoffsetz first contends on cross-appeal that the damages awarded for mental suffering as a result of the school district's breach of contract should be reinstated. We agree.

■ In contract cases, damages for mental suffering are recoverable for willful or wanton breach of the contract when they are a natural and proximate consequence of the breach. *Trimble v. City & County of Denver*, 697 P.2d 716 (Colo.1985).

■ Here, relevant evidence was presented at trial to support the jury's award of damages for mental suffering sustained by Hoffsetz as a result of his discharge. *See City of Aurora v. Loveless, supra.* The jury was also properly instructed on the law as set forth in *Trimble. See Vigil v. Pine, supra.* Therefore, the trial court erred in excluding the mental suffering damages from the jury's award.

■ In excluding these damages, the trial court improperly relied upon the Colorado Workmen's Compensation Act. The trial court correctly concluded that, as a matter of law, job-related emotional or mental injuries arising out of employment fall within the scope of the Workmen's Compensation Act. *See City of Boulder v. Streeb*, 706 P.2d 786 (Colo.1985). However, the record shows that while Hoffsetz may have suffered mental injury during his employment, such suffering cannot be viewed as the basis for the jury's award of damages for mental suffering caused by breach of contract. The breach of contract did not occur until Hoffsetz was discharged by the school district. The mental suffering damages flowed from and were caused by the breach of contract. Thus, they cannot be said to fall within the scope of Hoffsetz's employment. Consequently, they are not excludable by operation of the Workmen's Compensation Act.

■ The school district, however, argues that the jury's award of *Trimble* damages is barred by the Governmental Immunity Act, § 24-10-101, *et seq.*, C.R.S. (1982 Repl.Vol. 10). Because the damages for mental suffering do not lie in tort but arise as a direct consequence of the school district's breach of contract, we hold that the Governmental Immunity Act is inapplicable. *See Julesburg School District No. Re-1 v. Ebke*, 193 Colo. 40, 562 P.2d 419 (1977); *see also Jones v. Northeast Durango Water District*, 622 P.2d 92 (Colo.App. 1980).

### V.

■ Hoffsetz next contends that the trial court erred in entering a judgment

notwithstanding the verdict as to defendants Migliorato, Mann, and Ward. We disagree.

The Workmen's Compensation Act constitutes the exclusive remedy available to an employee for a co-employee's commission of intentional infliction of emotional distress during the scope of the employment. *Kandt v. Evans*, 645 P.2d 1300 (Colo.1982). *Farmer v. Central Bancorporation, Inc.*, — P.2d —— (Colo.App. No. 84CA0785, January 21, 1988). Here, the undisputed evidence supports the trial court's conclusion that the individual defendants' outrageous conduct was committed well-within the course of their employment. Viewing the evidence in the light most favorable to Hoffsetz, and making every reasonable inference in his favor, as a matter of law, we conclude that the Workmen's Compensation Act provides his sole remedy for the conduct of these individual defendants.

The judgment notwithstanding the verdict regarding Hoffsetz's damages resulting from mental suffering arising from the school district's breach of contract is reversed, and the trial court is directed to reinstate the jury's award for these damages. In all other respects, the judgment is affirmed.

SMITH and PLANK, JJ., concur.