**Thomas P. BARRY, Plaintiff,**

v.

**ASHLEY ANDERSON, P.C., a Colorado professional corporation: Ashley Anderson; Robert A. Francis, P.C., a Colorado professional corporation; and Robert A. Francis, Defendants.**

Civ. A. No. 88–B–998.

United States District Court,
D. Colorado.

Sept. 1, 1989.

---

L. Scott Noall, Van Horne, Vogt, Noall & Hodges, P.C., Collie E. Norman, Johnson and Mahoney, P.C., Denver, Colo., for plaintiff.

Elizabeth Starrs, Elizabeth H. McCann, Cooper & Kelley, P.C., Denver, Colo., Ashley Anderson, Ashley Anderson, P.C., Overland Park, Kan., for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

This legal malpractice action is before the Court on cross-motions for summary judgment. Judgment by default was previously entered against Ashley Anderson, P.C. and Ashley Anderson. Oral argument was heard September 1, 1989. I conclude that summary judgment should be awarded in favor of Robert A. Francis, P.C. and Robert A. Francis (collectively referred to as Francis) and against plaintiff, Thomas P. Barry (Barry).

The material facts are undisputed:

Barry was injured in a traffic accident on July 5, 1977. He filed a complaint against the other driver (Apple) in the Pitkin County District Court in April 1979 (*Barry v. Apple*). Francis entered an appearance on behalf of Barry in that case on November 24, 1981. In 1982, Francis developed a conflict of interest because of his representation of another individual whose interests were adverse to those of Barry. As a result, in August or September 1982, at Barry's request, the case file was transferred to defendants Ashley Anderson, P.C. and Ashley Anderson (collectively referred to as Anderson) who undertook full representation of Barry in *Barry v. Apple*. Notice to this effect was given to Apple's attorney. However, Francis did not withdraw from the case and Anderson filed no formal entry of appearance.

On August 22, 1983, the Court issued a notice to Francis that *Barry v. Apple* would be dismissed on October 3, 1983 for

failure to prosecute unless cause was shown otherwise. On August 30, 1983, Francis verbally notified Anderson of the court's dismissal notice and the next day sent Anderson a confirmation of the conversation and a copy of the notice. Nevertheless, on October 3, 1983, *Barry v. Apple* was dismissed for failure to prosecute. Before that time, offers of settlement on behalf of Apple had been made, but when the case was dismissed, the statute of limitations had expired, thus precluding Barry from further pursuit of his claims.

Here, Francis moves for summary judgment on the ground that any attorney-client relationship previously existing between Francis and Barry had been terminated by Barry one year before the alleged legal malpractice occurred. Francis contends that because there was no attorney-client relationship between them and Barry, they were not negligent with respect to *Barry v. Apple,* and as a matter of law, they are not liable to Barry for negligence which occurred after Francis no longer represented Barry.

Barry cross-moves for summary judgment. He contends that as attorney of record, Francis had a continuing duty to represent Barry's best interests. Barry argues that, as a matter of law, Francis was negligent in the representation of Barry's interests, which resulted in the dismissal of *Barry v. Apple* and in Barry's preclusion from asserting any claims against Apple. Barry also contends that Francis' acts and omissions deviated from the standard of care for an attorney practicing in Colorado and that Francis breached a fiduciary duty owed to Barry.

■ Summary judgment is proper where, as here, the pleadings, affidavits, depositions, or admissions establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Where there are cross-motions for summary judgment, each motion is to be considered, reviewed, and ruled upon separately. *Rains v. Cascade Industries, Inc.,* 402 F.2d 241, 245 (3d Cir.1968); *International Brotherhood of Elec. Workers v.*

*WGN of Colorado, Inc.,* 615 F.Supp. 64, 66 (D.C.Colo.1985). Each party must satisfy its burden of proof on its own motion for summary judgment, and denial of one party's motion for failure to meet its burden of proof does not necessarily indicate that the opposing party should be granted summary judgment on its motion. *Id.*

■ A client may, at any time, terminate the relation between himself and his attorney and have other counsel substituted, with or without cause. *Doggett v. Deauville,* 148 F.2d 881 (5th Cir.1945). While the substitution of counsel in a pending case can be fully effectuated for all purposes by court order, where the old attorney's authority has been terminated and the new attorney's authority has been recognized by the parties involved, the necessity for formal substitution may be unnecessary. *See In re Goldstein,* 43 F.2d 698 (2d Cir.1930). Once an attorney has been discharged by his client, the attorney-client relationship ceases. A discharged attorney cannot act to bind the client, *Thompson v. McCormick,* 138 Colo. 434, 335 P.2d 265 (1959). The court cannot create or continue the attorney-client relationship contrary to the expressed wishes of the client. *Thompson v. McCormick, supra,* 335 P.2d at 269. Any residual duty to withdraw existed pursuant to C.R.C.P. 121 governing withdrawal of counsel of record.

■ On the undisputed facts of this case I conclude that, as a matter of law, Barry terminated the attorney-client relationship between himself and Francis in August or September 1982 when Anderson undertook legal representation of Barry. Francis satisfied any C.R.C.P. 121 residual duty to Barry for failure to formally withdraw as Barry's counsel because the uncontroverted evidence demonstrates that when Francis received the court's notice of failure to prosecute in August 1983, he informed Barry's attorney, Anderson, of it, verbally and by letter.

Accordingly, it is ORDERED that defendant Francis' motion for summary judgment is GRANTED. Judgment shall enter in favor of Francis and against Barry with each party to pay their own fees and costs.

It is FURTHER ORDERED that Barry's motion for summary judgment is DENIED.