Denise SHOREY, and Jefferson County Education Association, Plaintiffs–Appellants,

v.

JEFFERSON COUNTY SCHOOL DISTRICT NO. R–1, Defendant–Appellee.

No. 89CA0777.

Colorado Court of Appeals, Div. II.

Aug. 30, 1990.

Rehearing Denied Sept. 27, 1990.

Certiorari Granted March 18, 1991.

Martha R. Houser, William J. Maikovich, Gregory J. Lawler and Michelle Smith Rabouin, Aurora, for plaintiffs-appellants.

Caplan and Earnest, Gerald A. Caplan, Richard E. Bump and Allen P. Taggart, Boulder, for defendant-appellee.

Opinion by Judge SMITH.

Plaintiffs, Denise Shorey and Jefferson County Education Association, appeal from the summary judgment entered in favor of defendant, Jefferson County School District No. R–1, and from the denial of plaintiffs' cross-motion for summary judgment and application to compel arbitration of a grievance. We reverse and remand.

The facts are undisputed. Jefferson County Education Association (JCEA), a voluntary labor organization representing employees of the district, was a party to a collective bargaining agreement with the district which was in effect from January 1986 through December 1988. In October 1987, Shorey, who was employed by the district as a library media specialist in a junior high school, applied for a transfer to

a vacant media specialist position at a high school within the district. On November 5, 1987, Shorey was notified that she had been accepted for the transfer.

On November 12, the JCEA approved the filing of a grievance on behalf of another of its members, Martha Krenek, who is not a party to this action, alleging that the district had violated the transfer provisions of the collective bargaining agreement and that Krenek, rather than Shorey, should have been selected for the media specialist position because of her seniority. The Krenek grievance was accepted and acted upon without a hearing and Krenek was given the position.

On November 18, Shorey was notified that her assignment had been in error and that Krenek had been assigned to the position. The JCEA thereafter authorized the filing of a grievance on behalf of Shorey, alleging that the district had violated the transfer provisions of the collective bargaining agreement because Shorey was the better qualified candidate.

The Shorey grievance was denied at Levels 1 and 2 of the dispute resolution process set forth in the collective bargaining agreement. In denying the grievance at Level 2, the school district superintendent found that both applicants were very well qualified for the position.

Shorey and the JCEA then sought to arbitrate the dispute in accordance with the Level 3 procedures outlined in the agreement. The district refused to arbitrate the dispute, asserting that all issues concerning the filling of the position had been resolved when it granted the relief requested in the Krenek grievance.

The trial court concluded that, although the district was under both a contractual and a statutory duty to arbitrate the grievance, the plaintiffs were estopped from asserting their right to arbitration and the district had properly refused to arbitrate the dispute.

### I.

■ Relying on § 13–22–204, C.R.S. (1987 Repl.Vol. 6A), plaintiffs contend that the trial court erred in refusing to compel arbitration of the Shorey grievance pursuant to the dispute resolution procedures of the collective bargaining agreement. We agree.

■ Section 13–22–204(1) provides that, on application of a party showing an agreement to submit a controversy to arbitration and the opposing party's refusal to arbitrate, the trial court *shall* order the parties to proceed to arbitration. Colorado courts may refuse to compel such proceedings only upon a showing that there is no agreement to arbitrate or if the issue sought to be arbitrated is clearly beyond the scope of the arbitration provision. *Cabs, Inc. v. Delivery Drivers, Local No. 435*, 39 Colo.App. 241, 566 P.2d 1078 (1977); *see City & County of Denver v. Denver Firefighters Local 858*, 663 P.2d 1032 (Colo.1983). Thus, an order for arbitration cannot be refused on the ground that the claim in issue lacks merit or is not bona fide or that grounds for the claim sought to be arbitrated have not been shown. Section 13–22–204(5), C.R.S. (1987 Repl.Vol. 6A).

Here, the collective bargaining agreement defined a "grievance" as "a dispute, disagreement, or controversy concerning the interpretation or application of this agreement or related matter." The transfer provisions alleged to have been violated consisted of a list of five criteria to be applied in filling open positions by voluntary transfer.

The collective bargaining agreement contained the following arbitration provisions:

"If the aggrieved person and/or the Association is not satisfied with the disposition of a grievance at Level Two, ... the Association may, if it deems the grievance meritorious, request a hearing before an umpire.

. . . .

"The umpire will have the authority to hold hearings and make procedural rules. He/she will issue a report within a reasonable time, not to exceed thirty calendar days from the date of the close of the hearings...."

Thus, as the trial court found, an agreement to arbitrate the dispute existed and the grievance sought to be arbitrated was within the scope of the arbitration provision. Consequently, the trial court erred in refusing to enter an order compelling the district to arbitrate. *Cabs, Inc., supra; Denver Firefighters, supra.*

## II.

Plaintiffs also contend that the trial court erred in concluding that equitable estoppel precluded plaintiffs from compelling arbitration. We agree.

Estoppel requires that a person, by his words or conduct, or by his silence when he has a duty to speak, induce another to change his position detrimentally in reasonable reliance thereon. *Bolz v. Security Mutual Life Insurance Co.,* 721 P.2d 1216 (Colo.App.1986).

Here, the record does not support the finding that plaintiff Shorey, by words, conduct, or silence, induced the district to settle the Krenek grievance adversely to Shorey without holding a hearing, nor did the JCEA do anything other than forward Shorey's grievance on to the district. The district merely acted unilaterally upon its examination of the grievance. Accordingly, the trial court erred in concluding that plaintiffs were equitably estopped from asserting their right to proceed to a Level 3 arbitration hearing of the Shorey grievance.

## III.

We agree with plaintiffs' contention that the trial court erred in concluding that they were collaterally estopped from pursuing the grievance. The doctrine of collateral estoppel has been held to be inapplicable to three-tiered grievance procedures pursuant to collective bargaining agreements with school districts. *See Hoffsetz v. Jefferson County School District No. R-1,* 757 P.2d 155 (Colo.App.1988).

## IV.

Finally, plaintiffs contend that the trial court erred in dismissing Shorey's breach of contract claim with prejudice because, once the procedural requirements of the collective bargaining agreement had been satisfied, she was entitled to have the merits of her claim determined by the district court. We agree.

A public employer must follow policies expressly agreed to in a collective bargaining agreement, and a public school teacher is entitled to judicial review of his allegations that the employer breached the agreement. *Denver Firefighters, supra.* Furthermore, a collective bargaining agreement containing a grievance procedure which provides for advisory arbitration cannot be interpreted so as to limit a grievant to advisory arbitration as her exclusive remedy. *See Hoffsetz v. Jefferson County School District R-1, supra.* Thus, a grievant who is unsuccessful in a Level 3 advisory arbitration pursuant to a collective bargaining agreement may proceed in district court on a breach of contract claim. *Hoffsetz v. Jefferson County School District R-1, supra.*

Here, as in *Hoffsetz,* the collective bargaining agreement provided for advisory arbitration at Level 3. Accordingly, plaintiff Shorey's right to have her breach of contract claim decided by the district court should have not been barred before the arbitration hearing was held.

The judgment of the trial court is reversed, and the cause is remanded with directions to enter an order compelling arbitration of the Shorey grievance in accordance with the grievance procedures of the collective bargaining agreement. Also, the trial court is directed to reinstate Shorey's second claim for relief, but any proceedings thereon shall be stayed pending completion of the arbitration proceeding.

METZGER and PLANK, JJ., concur.