**Velveta P. GOLIGHTLY–HOWELL, Plaintiff,**

v.

**OIL, CHEMICAL & ATOMIC WORKERS INTERNATIONAL UNION, et al., Defendants.**

**No. 91–C–517.**

United States District Court, D. Colorado.

Nov. 19, 1992.

Richard C. LaFond, Arnold M. Woods, Denver, Colo., for plaintiff/petitioner.

Kathryn E. Miller, Robert M. Steiert, Miller, Leher & Steiert, PC, Littleton, Colo., for defendants/respondents.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiff Velveta Golightly–Howell, an African–American female, commenced this action seeking damages together with declaratory and injunctive relief under 42 U.S.C. § 1981 and Title VII, 42 U.S.C. § 2000e *et seq.* In addition, the complaint asserts various state law claims. Defendants are the Oil, Chemical and Atomic Workers International Union (OCAW); the AFL–CIO; Joseph Misbrener, OCAW's president; and Dean Alexander, Misbrener's assistant. In an order dated August 1,

1991, I dismissed the plaintiff's § 1981 claim. Her Title VII claim alleges discrimination based on race and sex. Defendants have filed a motion for summary judgment. Plaintiff has responded by opposing the motion.

The parties have fully briefed the issues and oral argument would not be helpful. Jurisdiction is alleged under 28 U.S.C. §§ 1331, 1334(4)[1] and 42 U.S.C. § 2000e–5(f).

## I. Undisputed Facts.

On July 10, 1989, OCAW hired the plaintiff as its trial and equal employment opportunity counsel. Plaintiff asserts that during her tenure, OCAW officials ignored her and consulted her white subordinate if her superior was unavailable. She claims that she was inappropriately reprimanded for her work product and was forced to write legal opinions contradicting established law. She further alleges that OCAW declined to pay for her Continuing Legal Education (CLE) courses contrary to its promise when she was hired, while her white subordinate was allowed to attend CLE courses at OCAW's expense.

Plaintiff further alleges that Dean Alexander complained about her work performance to the general counsel, forced her to try a case which in her judgment should have been settled, and accused her of trying to charge unreimbursable personal expenses to OCAW.

In January 1990, the plaintiff sought medical attention after she collapsed at work. Her doctor concluded that she was suffering from depression. He placed her on anti-depression medication and advised her to take time off from work, seek psychiatric assistance and find new employment.

Plaintiff continued working for the defendant and subsequently began seeing a psychologist. On July 9, 1990, her psychologist wrote to OCAW requesting that she be granted a leave of absence. On July 10, 1991, the plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC), alleging racial and sexual discrimination.[2] She began paid sick leave July 16, 1990.

In October 1990, while still on sick leave, the plaintiff interviewed for a job with the federal government, taught a CLE course, and requested information from OCAW regarding long-term disability benefits that OCAW policy allegedly granted following any ninety day sick leave. OCAW required the plaintiff to see another psychiatrist. In November, 1990, the plaintiff went to an OCAW-recommended psychiatrist who agreed that the plaintiff was still unable to return to work.

On November 13, 1990, Misbrener notified the plaintiff that OCAW was terminating her benefits under the sick leave policy. Then on November 19, 1990, Misbrener informed her that her employment was terminated because she had engaged in activities inconsistent with sick leave, namely applying for another job and teaching a CLE course. Plaintiff claims that her discharge violated OCAW's employee manual and constitution which state that employees will only be discharged for "just cause."

## II. Analysis.

Defendants argue that (1) the plaintiff may not recover post-termination damages; and (2) her request for pre-termination emotional distress damages is barred by the Colorado Worker's Compensation Act.

Summary judgment is proper if the pleadings, depositions and affidavits, if any, demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party opposing a properly supported summary judgment motion may

1. Although the plaintiff alleges this statute as a basis for jurisdiction, no such statute exists. The court will assume that the plaintiff intended to allege 28 U.S.C. § 1343(a)(4) as a basis for jurisdiction.

2. Plaintiff received a "Right to Sue" letter from the EEOC on January 11, 1991, and thereafter timely filed this action.

not rest upon the mere allegations of the complaint, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A factual dispute is material only if, under the governing law, its resolution might affect the action's outcome. A factual dispute is genuine only if a reasonable fact finder could return a verdict for the nonmoving party. *Id.*

### A. Post–termination damages.

Defendants contend that since a client may terminate an attorney's employment at any time, with or without cause, the plaintiff cannot recover damages caused by her discharge.

■ Indeed, the general rule is that "a client may, at any time, terminate the relation between himself and his attorney and have other counsel substituted, with or without cause." *Barry v. Ashley Anderson, P.C.*, 718 F.Supp. 1492, 1494 (D.Colo.1989). However, many courts have modified this rule when the attorney is employed as in-house counsel. Those courts hold that in-house counsel are entitled to the same job security as any other employees "if this can be done without violence to the integrity of the attorney-client relationship." *Nordling v. Northern States Power Co.*, 478 N.W.2d 498 (Minn. 1991).

■ The parties have not cited, nor have I found, any Colorado decisions on point. It is clear that in Colorado, "[i]n-house counsel occupies the position of an employee...." *Mohawk Data Sciences Corp. v. Industrial Comm'n of Colorado*, 671 P.2d 1335, 1338 (Colo.Ct.App.1983). I conclude that the Colorado Supreme Court would follow the reasoning of *Nordling* and hold that where an in-house attorney whose employment is subject to a "just-cause" contract is unlawfully discharged for reasons not implicating the attorney-client relationship, the attorney is not precluded from suing the company. The question thus becomes whether the plaintiff's claims for relief so implicate the attorney-client relationship as to bar her suit against her employer.

■ Defendants argue that the plaintiff's Title VII claims should be barred because a client may discharge an attorney for any reason or no stated reason. However, because Title VII prohibits discrimination against an employee based on race or sex, it prohibits such discrimination against one employed as in-house counsel. Defendants have cited no authority to support their contention that Title VII does not apply to in-house counsel. Accordingly, their motion for summary judgment on the plaintiff's Title VII claim is denied.

■ Defendants argue that the plaintiff's breach of contract claim must be dismissed on the ground that the plaintiff was discharged because the defendants lost faith in her ability to act as OCAW's attorney. Plaintiff responds that her position as in-house counsel entitled her to the protection of the same termination procedures that OCAW provided other employees.

Plaintiff's breach of contract claim is based on the defendants' alleged failure to follow their policy manual regarding termination of employment. I conclude that this claim does not implicate the attorney-client relationship so as to bar the plaintiff's claim. *Nordling*, 478 N.W.2d at 502–03. Defendants' loss of faith in the plaintiff's professional ability does not excuse their alleged failure to follow, in her case, their own policies and procedures governing discharge. Plaintiff's status as an attorney cannot excuse an employer's violation of its contractual or statutory obligations. *See id.* at 502. Attorneys may be unpopular, but they are not yet fair game.

This reasoning applies equally to the plaintiff's claim for breach of an implied covenant of good faith and fair dealing. I have previously held that the plaintiff has adequately stated such a claim based on allegations of facts establishing her employment contract. (Order dated August 1, 1991). Her claim for breach of this implied covenant asserts that the defendants failed to follow their express employment policies. Her status as an in-house attorney does not alter my conclusion that she may state this claim.

■ Plaintiff's remaining state law claims for tortious interference with contract, civil conspiracy, and outrageous conduct present more difficult issues. These torts are not based on alleged failures of the defendants to follow their expressed employment policies. Rather, they are based on alleged discriminatory conduct which the plaintiff claims caused her discharge. The defendants claim that the discharge was based on a loss of faith in the plaintiff's competence as an attorney.

■ In the final analysis, the defendants have not established that these claims are "likely to implicate the attorney-client relationship, [by] raising issues not only of divulging client confidences, but confidences that relate to client wrongdoing." *Nordling*, 478 N.W.2d at 504. Plaintiff's claims allege that acts of racial and sexual discrimination, as well as retaliation for her complaints of such discrimination resulted in her discharge. Defendants argue that, as an attorney, she could be discharged for any reason. The ability to discharge an employee-attorney for any reason, however, is not a license to discriminate on the basis of race and sex during employment in violation of federal law. Accordingly, this portion of the defendants' motion for summary judgment will be denied.

### B. Pre-termination damages.

■ Defendants argue that the plaintiff is barred from recovering emotional distress damages as a result of pre-termination conduct pursuant to the exclusivity provision of the Colorado Workers' Compensation Act (the Act). Colo.Rev.Stat. § 8–52–102.

Both parties agree that emotional distress injuries arising out of employment are barred by the Act. Colo.Rev.Stat. § 8–52–102. That statute states, in pertinent part, that:

"[t]he right of compensation provided for in . . . this title, in lieu of any other liability . . . shall obtain in all cases where the following conditions occur:

 * * * * * *

(b) Where, at the time of the injury, the employee is performing service arising out of and in the course of his employment." Colo.Rev.Stat. § 8–52–102.

Plaintiff contends that her claims for emotional distress do not arise out of, nor were they in the course of, her employment, and therefore they are not barred by the Act.

■ It is settled law in Colorado that emotional distress damages arising from termination of employment do not arise out of employment, and thus are not barred by the Act. *Hoffsetz v. Jefferson County School District No. R–1*, 757 P.2d 155, 158 (Colo.App.1988). Plaintiff has represented to the court in her pleadings that she does not seek to recover for emotional distress caused by the defendants' conduct during her employment, but rather is seeking only damages for emotional distress caused by her discharge. Accordingly, the defendant's summary judgment motion on this ground will be denied, but the plaintiff is prohibited from seeking emotional distress damages for the defendants' conduct during her employment.[3]

Accordingly, IT IS ORDERED that:

(1) Defendants' motion for summary judgment is denied; and

(2) The parties and their counsel are ordered to meet and confer prior to trial in a good faith attempt to settle the case without further litigation, expense or delay. The parties shall report to this court in writing within fifteen days of this order stating the results of their settlement negotiations and whether a conference before a Magistrate Judge or some other alternative dispute resolution proceeding would facilitate settlement.

---

3. Plaintiff also argues that her claims for emotional distress damages arising from alleged discrimination and retaliation, made illegal by Title VII, are not barred by the Workers' Compensation Act because of the Supremacy Clause of the United States Constitution. However, damages for emotional distress are not compensable under Title VII. *Allen v. Denver Public School Bd.*, 928 F.2d 978 (10th Cir.1991).